**GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., Plaintiff/Counterdefendant,**

v.

**Douglas MIRES and Michael Kus, Defendants/Counter–Plaintiffs/Third–Party Plaintiffs,**

v.

**The MEADE GROUP, INC., Third Party Defendant.**

**Civ. A. No. 91–CV–77112–DT.**

United States District Court, E.D. Michigan, S.D.

March 27, 1992.

Ronald S. Longhofer, Raymond W. Henney, Steven M. Ribiat, Detroit, Mich., for plaintiff/counterdefendant.

Michael J. Hainer, John T. Brisse, Troy, Mich., for defendants/counter-plaintiffs/third-party plaintiffs.

Gary A. Rossi, Richard D. Wilson, Bloomfield Hills, Mich., for third party defendant.

ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

The instant matter arises out of a motion for remand that has been filed by the De-

fendants/Counterplaintiffs/Third Party Plaintiffs, Douglas Mires and Michael Kus.

## I.

Mires and Kus leased automobiles through the Third Party Defendant, the Meade Group (Meade), who subsequently assigned the lease agreements to the Plaintiff/Counterdefendant, General Electric Capital Auto Lease (G.E. Capital). Mires and Kus returned their respective vehicles to the dissatisfaction of G.E. Capital who then brought separate breach of contract law suits against each of them in the 52–4 Judicial District Court (Michigan).

In August 1991, Mires filed a class action counterclaim against G.E. Capital, alleging, *inter alia,* violations of the (1) Michigan Consumer Protection Act, Mich.Comp.Laws Ann § 445.901 *et seq.* and (2) Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* Thereafter, G E. Capital filed a motion to dismiss and Kus sought leave to file a counterclaim and to consolidate the two cases. On November 27, 1991, the state district court issued an order in which it (1) allowed Kus to file his counterclaim, (2) consolidated the two cases, and (3) transferred the consolidated case to the Circuit Court of Oakland County (Michigan). On December 26, 1991, G.E. Capital removed the case to this court.

■ In their motion for remand, Mires and Kus assert that the removal was untimely under 28 U.S.C. § 1446(b) which provides a thirty (30) day time frame for removal. In addition, they contend that G.E. Capital cannot remove the case on the basis of the allegations within the counterclaim. In its opposition papers, G.E. Capital maintains that it is entitled to remove this state court case on the basis of the counterclaim because a federal question is at issue. Moreover, G.E. Capital submits that its notice of removal was made within the requisite thirty (30) day period.

28 U.S.C. § 1446(b) reads, in pertinent part,

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, ... of the initial pleading setting forth the claim for relief upon which such action is based.... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after it may ... [ ] be ascertained that the case is one which is or has become removable....

The counterclaim, which was filed by Mires on August 27, 1991, contained a clear and explicit allegation that G.E. Capital had violated the TILA. Under the theory, which has been advocated by Mire and Kus in the instant motion, G.E. Capital should have removed (1) the Mires action in September 1991, and (2) the Kus law suit immediately following the filing of his counterclaim. The court does not find this argument to be persuasive. The case before this court involves Kus and Mires. Although it retains similar, if not identical, allegations, the fact remains that the party alignment and posture of the current case was not achieved until November 27, 1991. As such, and in the view of this court, the removal was timely.

■ The next issue concerns the use of the counterclaim as a basis for removal. 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court ... where such action is pending." In *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court determined that a plaintiff who must defend against a counterclaim is not a defendant within the meaning of § 1441, and could not remove the action on the basis of the counterclaim even though original jurisdiction may exist within the counterclaim.

G.E. Capital argues that *Shamrock* is inapplicable to a resolution of this motion because it involved a jurisdictional question based on diversity, and did not contain federal question issues as in the instant cause. As support for its position, G.E. Capital relies upon *Wichita Royalty Co. v. City Nat. Bank of Wichita Falls,* 95 F.2d 671 (5th Cir.1938) in which a removal action

was upheld because the counterclaim contained allegations involving the National Bank Act. G.E. Capital asserts that the Supreme Court declined to overturn the *Wichita* case and thus it remains good law. It contends that *Shamrock* understood the distinction between federal question and diversity cases when it declared that, "[t]he question of the right of removal decided in [*Wichita*] ... was not presented to or passed upon by this Court. It involved factors not here present which we find it unnecessary to consider." 313 U.S. at 108, 61 S.Ct. at 872. This court disagrees.

The Supreme Court has had numerous opportunities to overturn or limit the breadth of *Shamrock*. Yet it has declined to do so in each instance. Most recently, in *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983), the Supreme Court returned to the teachings of *Shamrock* when it stated,

> For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. (emphasis in original)

Moreover, *Franchise Tax* determined that removal may not be based on a federal defense, even if it is the only question at issue. *Id.* at 12, 103 S.Ct. at 2847.

It is clear that the Supreme Court views the removal statute as providing limited access to federal court. However, there are some permitted exceptions to this general proposition. Against the backdrop of considerable expression of congressional intent, the Supreme Court has determined that issues involving the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, can provide legal bases for the removal of cases from the jurisdiction of a state court to the federal court. *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct.

1235, 20 L.Ed.2d 126 (1968) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 make clear that the preemptive force of the § 301 of the LMRA and § 502(a) of ERISA was powerful enough to displace any state cause of action.[1]

In the instant matter, Mires and Kus have asserted a cause of action under the TILA. The Congressional declaration of purpose indicates that it intended to assure meaningful disclosure to consumers on the use of credit and the terms of leases for personal property. 15 U.S.C. § 1601. Absent in the statute are any provisions which purport to demonstrate the preemption of state causes of action. In fact, it appears that the TILA is often interpreted with reference to state law or concurrent with state law. *See, Tillquist v. Ford Motor Co.*, 714 F.Supp. 607 (D.Conn.1989). *Parry v. Ford Motor Credit Co.*, 575 F.Supp. 204 (S.D.Ohio 1983).

There is no indication that the TILA carries the extraordinary congressional mandate for preemption of state law. In the absence of any such authority, there is no basis for this court to act inconsistently to the overwhelming body of jurisprudence which runs counter to the position that has been advanced by G.E. Capital. Thus, allegations of a violation of federal law by Mires and Kus in their counterclaims do not provide a basis for removal into this court. *Ala. Dept. of Envtl. Mgmt. v. Southern Clay & Energy*, 737 F.Supp. 80 (N.D.Ala.1990). Hence, their application for remand must be granted.

## II.

Mires and Kus have also requested an award of one thousand dollars in costs and attorney fees for having to file their motion to remand. 28 U.S.C. § 1447(c) provides, in pertinent part,

> An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.

---

1. G.E. Capital has argued that *Van Waters & Rogers, Inc., v. Ripp*, No. 88–1882, 1989 WL 33655, 1989 U.S. Dist. LEXIS 3626, (E.D.La. April 5, 1989) supports the argument that *Shamrock* does not apply to federal question cases.

This argument is disingenuous. *Van Waters* concerns a counterclaim which invoked ERISA. Hence, *Van Waters* clearly falls within one of the delineated exceptions to *Shamrock*.

Despite the explicit request, G.E. Capital has failed to respond in any of its pleadings. A district court may award costs even in the absence of evidence that the removal petition is frivolous or made in bad faith. *Bucary v. Rothrock,* 883 F.2d 447 (6th Cir.1989). In view of the fact that the removal in this action involved a distinction that has never been fully addressed and raised a novel question of interpretation, an award of full costs and fees would appear to be punitive rather than compensatory in nature. Nonetheless, Mire and Kus are entitled to receive some compensation for their efforts in this matter. Therefore, the court will award costs but not attorney fees. *Medical Legal Consulting Service, Inc. v. Covarrubias,* 648 F.Supp. 153 (D.Md.1986).

Accordingly, the motion to remand is granted. The Clerk of the Court for the Eastern District of Michigan is directed to transfer this matter to the Circuit Court of Oakland County (Michigan) subsequent to April 10, 1992. In addition, Mire and Kus are directed to submit a bill of costs to this court on or before April 3, 1992.

IT IS SO ORDERED.