Rosie JACKSON, Plaintiff,

v.

BANK ONE, Home Cable Concepts, Inc., Jerry Harrison, et al., Defendants.

Civil Action No. 96–D–234–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 31, 1996.

Donald J. McKinnon, Sabrie G. Graves, Eufaula, AL, Jere L. Beasley, Thomas J. Methvin, Montgomery, AL, for plaintiff.

Cynthia H. Torbert, Montgomery, AL, Michael L. Edwards, Birmingham, AL, Benjamin H. Albritton, Mobile, AL, Perryn G. Carroll, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the plaintiff's motion to remand filed May 31, 1996. For the following reasons, the court finds that the plaintiff's motion to remand is due to be granted.

The plaintiff filed this lawsuit in the Circuit Court of Bullock County, Alabama, asserting in part that the defendants committed fraud in the sale and financing of a satellite dish. On June 27, 1996, defendants Bank One and Home Cable Concepts removed this lawsuit to federal court. They predicate removal under diversity-of-citizenship jurisdiction (28 U.S.C. § 1332) and federal-question jurisdiction (28 U.S.C. § 1331). *See also* 28 U.S.C. § 1441 (removal jurisdiction).

In support of their contention that removal is proper under § 1332, the defendants assert that, if a defendant has not been properly served, his or her citizenship should be disregarded in determining whether di-

versity of citizenship exists. Here, the only defendant, whose presence destroys diversity-of-citizenship jurisdiction, is Jerry Harrison. Because Mr. Harrison has not been properly served, the defendants contend that complete diversity exists. The defendants rely on 28 U.S.C. § 1441(b).

The court in *Freeman v. Household Retail Servs., Inc.*, Civ.A. No. ·95–T–844–N (M.D.Ala. Oct. 2, 1995) (Thompson, J.) addressed this precise issue: Section 1441(b)

does not address the issue of whether there is complete diversity of citizenship. Rather, the section provides that, even if there is complete diversity of citizenship, a case cannot be removed if a defendant, ·properly joined and served, is a citizen of the state in which the action is brought. In other words, § 1441(b) is an "additional" requirement for removal, with the result that removal based on diversity of citizenship is proper only if *both* of the following requirements are met: first, that there is complete· diversity of citizenship between all plaintiffs and all defendants and, second, that none of· the defendants who has been properly joined and served is a citizen of the state in which the action is brought. Section 1441(b), therefore, does· not expand diversity-of-citizenship jurisdiction but rather further restricts it within the context of removal. Here, because there is not complete diversity of citizenship between the three plaintiffs ... and the two defendants, ... the court need not reach the second question of whether § 1441(b)'s additional requirement has also been met.

*Id.* at 3. Based upon *Freeman*, the court finds that the defendants have not satisfied their burden of establishing this court's diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.[1]

The defendants next contend that the court properly exercises federal-question jurisdiction over this action because the plain-

---

1. The defendants, as the parties removing an action to federal court, have the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Secs.*, 813 F.2d 1368 (9th Cir.1987), *cert. denied*, 484 U.S. 850 (1987). Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); *Paxton v. Weaver*, 553 F.2d 936 (5th Cir. 1977). ,

tiff's claims involve the application of the Truth–in–Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* In essence, the defendants contend that, while the plaintiffs have not pleaded a violation of the TILA, the TILA controls in this action. The complaint reveals, however, that the plaintiff is seeking relief only under state law.

■ Whether the complaint states a federal question must be determined by examining the face of the complaint. As stated by the Supreme Court of the United States:

> [o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank,* 299 U.S. 109, 112–13 ... (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (internal footnotes omitted).

■ The court recognizes that the preemptive force of some federal statutes can provide a legal basis for removal of a case from state to federal court even if a plaintiff has framed the complaint to allege violations of only state law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1986). For example, the Supreme Court of the United States has determined that issues involving the Labor Management Relations Act, 29 U.S.C. § 185, *et seq.,* and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.,* transform state-law claims into ones arises under federal law for purposes of the well-pleaded complaint rule. *Caterpillar, Inc.,* 482 U.S. at 393–94.

■ This "complete pre-emption" doctrine, however, does not apply to the TILA. The TILA does not contain a civil enforcement provision that requires complete pre-emption of law, nor is there any other manifestation that Congress intended pre-emption. *See General Elec. Capital Auto Lease, Inc. v. Mires,* 788 F.Supp. 948, 950 (E.D.Mich.1992) (finding that "[a]bsent in the [TILA] statute are any provisions which purport to demonstrate the preemption of state causes of action"). Additionally, absent "complete pre-emption" of state causes of action, the defendants cannot establish that a federal court has original jurisdiction by arguing pre-emption as a defense:

> Ordinarily, federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as preemption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar, Inc.,* 482 U.S. at 393–93 (internal citations omitted).

Because the complete pre-emption doctrine does not convert the plaintiff's state-law claims into claims under the TILA and because a defendant may not remove a case based upon a federal pre-emption defense, the court finds the defendants have failed to establish that the complaint on its face pleads a federal question. In other words, the court does not have original jurisdiction over this action.

Accordingly, it is CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED and this cause be and the same is hereby REMANDED to the Circuit Court of Bullock County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.