**BCC APARTMENTS, LTD., Plaintiff/Counter-Defendant,**

**v.**

**Lena BROWNING, Defendant/Counter-Plaintiff.**

**No. 97-665-CIV.**

United States District Court, S.D. Florida.

Aug. 19, 1997.

Steven Elliott Brooks, Sakowitz & Brooks, Bay Harbor Islands, FL, Harvey Reisenman, Miami, Fl, for Plaintiff.

Randall C. Berg, Jr., Florida Justice Institute, Inc., Mary A. Webster, Legal Services of Greater Miami, Miami, FL, for Defendant.

***ORDER GRANTING REMAND***

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the court upon Plaintiff's Motion to Remand Action to State Court (D.E.5). Plaintiff argues that defendant cannot remove the action based on its counterclaim and that even if the counterclaim provides a federal jurisdictional basis, the notice of removal is untimely. Plaintiff moves to remand the action, which motion defendant opposes. The Court has carefully considered the Motion, response, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons that follow, the Motion to Remand is GRANTED.

BACKGROUND

Plaintiff served defendant with a state court complaint for eviction on December 4, 1996. Defendant filed a second amended answer with a counterclaim on February 20, 1997 and filed her notice of removal on March 17, 1997, 103 days after service of the complaint but less than 30 days after filing the second amended complaint with the counterclaim. Defendant seeks to remove this action based on 28 U.S.C. § 1443, as the counterclaim alleges that plaintiff, through its eviction action, is using the state court processes to discriminate against defendant on the basis of race, in violation of the Fair Housing Act of 1968, *as amended,* 42 U.S.C. § 3601, *et seq.*

DISCUSSION

Section 1443 of Title 28, United States Code, provides:

> Any of the following civil actions ... commenced in a State court may be removed by the defendant to the district court of the United States for the district and the division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (1994). In *Sofarelli v. Pinellas Co.,* 931 F.2d 718, 724 (11th Cir.1991), the defendant removed a state court action based on his counterclaim that plaintiffs' efforts to stop him from moving his house were racially motivated and violated his rights under, inter alia, the Fair Housing Act. The district court remanded the case. On appeal, the Eleventh Circuit reviewed the propriety of the order of remand pursuant to 28 U.S.C. § 1447(d) and held that the action was properly removed under § 1443.[1] *See Sky Lake*

1. "This case was properly removed under § 1443. The case originally filed against Sofarelli in state court involved issues of property ownership and land use rights, issues appropriately addressed by state courts. Sofarelli subsequently

*Gardens No. 3, Inc. v. Robinson, et al.*, No. 96–1412, slip op. (S.D.Fla. July 24, 1996) (Nesbitt, D.J.). Accordingly, defendant's removal, insofar as it pertains to this Court's subject matter jurisdiction, is proper.

Remaining for the Court is the determination whether defendant's notice of removal was timely under 28 U.S.C. § 1446(b), which provides, in pertinent part, that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b). The removal statute should be strictly construed against removal, in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. *Kirby v. OMI Corp.,* 655 F.Supp. 219, 220 (M.D.Fla.1987). The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court. *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D.Fla.1993). Accordingly, if defendant's motion for removal is untimely, such a defect in removal renders the action subject to remand.

Plaintiff asserts that defendant may not restart the 30 day removal clock by filing a federal counterclaim after the initial 30 day period has run. However, the cases cited by plaintiff do not address whether the 30 day period may be commenced by an amended pleading filed by defendant, where the jurisdictional basis is federal question, and removal is based on 28 U.S.C. § 1443.[2] Moreover, they predate the Supreme Court case of *Georgia v. Rachel, supra.*

In support of its position that the filing of the counterclaim started the thirty day removal period running, defendant cites *T & M Dental Lab, Inc. v. First Industrial Bank,* 714 F.Supp. 798, 799 (E.D.La.1989) (case became removable when FDIC became party; motion for removal made 2 days later); *Wilson v. General Motors Corp.,* 888 F.2d 779, 782 (11th Cir.1989) (case became removable when defendant received discovery admissions showing diversity existed; defendant's next day removal timely); *FDIC v. S & I 85–1, Ltd.,* 22 F.3d 1070, 1074 (11th Cir.1994) (holding FDIC may remove action under 12 U.S.C. § 1819 regardless of its alignment as plaintiff or defendant; defendant's counterclaim triggered FDIC's right to remove); *General Electric Capital Auto Lease, Inc. v. Mires,* 788 F.Supp. 948 (E.D.Mich.1992) (case became removable upon court order consolidating two actions and granting one plaintiff right to file counterclaim).

The case before the Court is distinguishable from the above-cited cases. Defendant

suspected, however, that the plaintiffs had racial motivations for attempting to enjoin him from completing the house move. Accordingly, he counterclaimed that the lawsuit filed in state court ... was an effort to coerce, intimidate or deter him from providing housing in violation of the Fair Housing Act. The parties do not dispute that this allegation falls within the United States Supreme Court's holding in *State of Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), that removal under § 1443 is proper when a lawsuit filed in state court is itself the act by which the movant's civil rights are violated." *Sofarelli v. Pinellas Co.,* 931 F.2d 718, 724 (11th Cir.1991) (citations omitted).

2. Plaintiff cites *Wisseman v. Lachance,* 209 F.Supp. 807 (E.D.N.C.1962) (defendant alleged counterclaim with jurisdictionally sufficient amount and sought removal; court held removal after 20 day period can only occur due to change in circumstance brought about by voluntary act of plaintiff); *Continental Carriers, Inc. v. Goodpasture,* 169 F.Supp. 602, 604 (M.D.Ga.1959) ("defendant's right to a tardy removal stems from some act by the plaintiff and not from his own dilatory action"); *Putterman v. Daveler,* 169 F.Supp. 125 (D.Del.1958) (same); *United Artists Corp. v. Ancore Amusement Corp.,* 91 F.Supp. 132 (S.D.N.Y.1950) (holding that defendant may not remove on basis of counterclaim)

has not indicated that the facts on which it based its counterclaim were unavailable to defendant when it first received the initial complaint.[3] Therefore, the case was removable upon defendant's receipt of the initial pleading. To the extent *General Elec. Capital Auto Lease, Inc. v. Mires,* 788 F.Supp. 948 (E.D.Mich.1992) holds differently, we decline to follow it for the reasons set forth herein.

The burden of proving timely removal is on the removing party, here, the defendant. If removal is untimely, the Court does not have jurisdiction. In the cases cited by defendant, some action by the opposing party triggered a renewed 30 day period, whether that action occurred in discovery or by filing an amended pleading. The statute indicates a similar intent by Congress to keep separate the trigger for removal from the power to remove. *See* 28 U.S.C. § 1446(b). Defendant here seeks to control both the "trigger," the statement of a federal claim which is removable under 28 U.S.C. § 1443, and the power to remove, by arguing that defendant's filing of a counterclaim starts the 30 day removal period for defendant to remove. With this argument the Court cannot agree. Sound policy reasons underlie separation of the removal "trigger" and the power to remove. If defendant's analysis were correct, given the liberal policies of Rule 15(a) of the Federal Rules of Civil Procedure, defendant would possess the power to remove the action at any point, possibly even until the eve of trial, subject to the Court's granting leave to amend. The Court believes that such a result was not intended and should not be permitted. *See* 28 U.S.C. § 1446(b) (stating that actions where removal jurisdiction is based on diversity may not be removed more than one year after commencement of the action).

Having reviewed the statute, the arguments and the cases cited by counsel, the Court holds that, in this case, the 30 day period for removal started running when plaintiff filed its complaint. The Court finds that defendant's notice of removal is untimely. It is, therefore,

ORDERED AND ADJUDGED that the Motion for Remand be and the same is hereby GRANTED. This action shall proceed in due course in the Circuit Court in and for the Eleventh Judicial Circuit, Dade County, Florida. This case is CLOSED for administrative purposes and all pending motions not otherwise ruled upon are DENIED AS MOOT.

3. Defendant did not include its moving papers in support of its motion to amend the answer and include the counterclaim. In its notice of removal, defendant included only plaintiff's opposition to the motion and the Court's order granting such motion.