**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1530

_____

Berger Levee District, Franklin    *
County, Missouri,    *
   * Appeal from the United States
         Appellant,    * District Court for the
   * Eastern District of Missouri
     v.    *
   *
United States of America,    *
   *
         Appellee.    *

_____

Submitted:  September 12, 1997
Filed:      October 31, 1997

_____

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge[1], and MORRIS
     SHEPPARD ARNOLD, Circuit Judge.

_____

BOWMAN, Circuit Judge.

Berger Levee District appeals from the order of the District Court granting the Government's motion to dismiss the Levee District's action to collect the unpaid balance of local levee and maintenance taxes assessed on property purchased by the Government in September 1995. Because we conclude that the District Court lacked

_____

[1]Judge Henley died on October 18, 1997. This opinion is consistent with his vote at the panel's conference following oral argument of the case on September 12, 1997.

jurisdiction to entertain this action, we vacate the District Court's order dismissing the Levee District's action for failure to state a claim and remand the case for dismissal for lack of jurisdiction.

**I.**

The Berger Levee District was incorporated under Missouri law in 1968.  See Mo. Rev. Stat. §§ 245.010(1), 245.015 (1994).  The Levee District's board of supervisors proposed to the Missouri circuit court a "plan for reclamation" outlining the Levee District's land improvement strategy, which was subsequently approved by the court's appointed commissioners.  See id. §§ 245.095, 245.105, 245.150.  After receiving approval of the plan, the Levee District's board of supervisors imposed a $1.8 million "levee tax" upon the affected land proportionate to each parcel's share of the reclamation plan's benefit.  Id. § 245.180(1).  The levee tax was exacted to repay a $950,000 twenty-year bond issue, plus interest, passed in 1977 to finance the construction of the reclamation project.  See id. §§ 245.230, 245.180(3).  The levee taxes are paid by the affected property owners in installments that are determined and collected annually.  The board of supervisors is also empowered to assess "maintenance taxes" to pay for the reclamation project's upkeep which are likewise determined and assessed each year.  See id. § 245.195.

For the 1995 tax year, the board of supervisors assessed the annual levee and maintenance taxes against all real property within the district, including five parcels purchased by the United States Corps of Engineers on September 27, 1995.  The total amount of tax levied by the board against these parcels for 1995 was $4,720.62, of which the Government paid $3,491.96--the annual tax allocable to the real property before the Government's purchase.  The United States did not pay the $1,228.66 balance allocable to the property after the Government's purchase.

The Levee District commenced this action against the United States in federal district court to collect the unpaid balance of the 1995 levee and maintenance taxes, plus penalties. The Government moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, arguing that the United States was immune from state or local taxation under the Supremacy Clause of the Constitution. See U.S. Const. art. VI, § 2. Neither the parties nor the District Court considered the jurisdictional issue. Rather, the District Court granted the Government's motion to dismiss the Levee District's complaint based on its failure to state a claim, holding that the constitutional tax immunity of the United States extended to the Levee District's "special assessments." The Levee District's motion to alter or amend the District Court's order was denied, and this appeal followed.

The Levee District argues that the District Court erred in characterizing the levee and maintenance assessments as "taxes" and in finding that the United States is immune from payment of these obligations on the affected land. We decline to address these issues, however, because we conclude that, despite the Levee District's assertion that 28 U.S.C. § 1331 (1994) supplies the jurisdictional gateway into federal court, the District Court should have dismissed the Levee District's complaint for lack of jurisdiction.

## II.

In this appeal, the United States contends for the first time that the District Court was without jurisdiction to consider the merits of the Levee District's complaint. The Government argues that the Levee District failed to allege on the face of its complaint any federal statute or other basis for the District Court's jurisdiction. The Levee District counters that "federal question" jurisdiction under 28 U.S.C. § 1331 provided the District Court with proper jurisdiction over the action.

Although the jurisdictional issue was not raised before the District Court, the question of a court's jurisdiction over an action is non-waivable and may be raised at any point in the litigation. See Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived.  It may be raised at any time by a party to an action, or by the court sua sponte."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Consequently, we must consider the Government's argument that the District Court lacked jurisdiction to consider the Levee District's complaint.

Federal district courts have been granted original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a civil action "arises under" federal law is determined by the "well-pleaded complaint" rule.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1242 (8th Cir. 1995).  Federal district courts are empowered by Congress to hear only those cases in which a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  The Supreme Court has indicated that a case may arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) (citing Franchise Tax Bd., 463 U.S. at 9); see also Franchise Tax Bd., 463 U.S. at 13 (noting that federal question jurisdiction is appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state

claims."). The potential or probable assertion of a federal defense is insufficient to confer federal jurisdiction. See Franchise Tax Bd., 463 U.S. at 14; Merrell Dow, 478 U.S. at 808; Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974); Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840-41 (1989) (per curiam).

Here, a review of the Levee District's complaint reveals that it is grounded solely upon Missouri statutes that authorize the assessment and collection of levee and maintenance taxes and that it is devoid of any allegation implicating a federal statute or other substantial federal issue sufficient to confer jurisdiction upon the District Court. The complaint alleges that the levee district was properly incorporated under Missouri law; that the board of supervisors levied a tax on real property located within the district; that, pursuant to Missouri law, the board of supervisors assessed both levee and maintenance taxes for the 1995 tax year; that the state collector is entitled under Missouri law to demand and collect payment of such taxes from the United States as successor in interest to real property located within the district; and that unpaid taxes, interest, and penalties shall constitute a lien against such property which, under Missouri law, shall be enforced by an action on the delinquent tax bills.

The tax here in controversy was imposed solely under the authority of Missouri statutes. The Levee District is attempting to collect the unpaid tax from the United States pursuant only to Missouri statutes authorizing such collection activity. Federal law was first raised by the United States in its motion to dismiss wherein the Government asserted that it was immune under the Supremacy Clause from the Levee District's tax claims. As noted above, the actual or probable assertion of a federal defense is insufficient to confer federal jurisdiction upon a district court if the plaintiff's well-pleaded complaint fails to implicate a federal statute or a substantial issue of federal law. "[I]t has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." Oklahoma Tax Comm'n, 489 U.S. at 841. Because the Levee District failed to assert a federal question arising under

the Constitution, laws, or treaties of the United States sufficient to confer jurisdiction on the District Court under 28 U.S.C. § 1331, we conclude that the District Court was without proper jurisdiction to entertain the merits of the Levee District's claim.

## III.

For the foregoing reasons, the District Court's order dismissing the Levee District's complaint for failure to state a claim upon which relief could be granted is vacated and the case is remanded to the District Court for dismissal for lack of subject-matter jurisdiction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT