United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2322EA

_____

John Ashley Magee; Aaron Chris      *
Emerson; Mark E. Tucker,            *
                                    *
        Plaintiffs-Appellants,      *
                                    *
    v.                              *
                                    *
Exxon Corporation;                  *
                                    *
        Defendant-Appellee,         *
                                    *
Scott Silar; Virginia Silar, doing  *
business as Razorback Exxon;        *   Appeal from the United States
                                    *   District Court for the Eastern
        Defendants,                 *   District of Arkansas.
                                    *
Tommy Mardis, doing business as     *
Exxon Snak; Bradley S. Morris, doing *
business as Brad's Exxon;           *
                                    *
        Defendants-Appellees,       *
                                    *
Howard Rose, doing business as Alma *
Exxon,                              *
                                    *
        Defendant.                  *

_____

Submitted: December 8, 1997
Filed: February 6, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

FAGG, Circuit Judge.

John Ashley Magee, Aaron Chris Emerson, and Mark E. Tucker (the credit buyers) appeal from the district court's order granting summary judgment in favor of Exxon Corporation and several Exxon service stations (the Exxon defendants). The credit buyers brought this lawsuit in Arkansas state court, contending the Exxon defendants had charged them a rate of interest in excess of that permitted by Arkansas law. The Exxon defendants removed the case to federal court, even though the citizenship of the parties lacked complete diversity and on its face the credit buyers' complaint presented no federal-law claim. Because we conclude the district court lacked subject-matter jurisdiction, we vacate the district court's order and remand the case for remand to state court.

In 1982, Exxon launched a discount-for-cash program. Under the program, Exxon retailers charged slightly less for cash purchases of gasoline than for credit purchases. In their complaint, the credit buyers contended this price difference represented hidden interest that exceeded the maximum interest rate allowed under the anti-usury provision of the Arkansas Constitution. See Ark. Const. art. XIX, § 13. The Exxon defendants removed the case to federal court based on the preemptive effect of the Truth in Lending Act (TILA or the Act), 15 U.S.C. §§ 1601-1667e (1994). The Exxon defendants relied on two provisions of the TILA to support their notice of removal. Section 1666f(b) provides that under stated conditions a discount offered for the purpose of inducing cash payment is not a finance charge. Section 1666j(c) states: "Notwithstanding any other provisions of this subchapter, any discount offered under section 1666f(b) of this title shall not be considered a finance charge or other charge for credit under the usury laws of any State . . . ."

The credit buyers never moved to remand this case to state court, nor do they question federal jurisdiction on appeal. A plaintiff has only thirty days after a defendant files a notice of removal to move for remand "on the basis of any defect in removal procedure." 28 U.S.C. § 1447(c) (1994); Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 473 (1996). Lack of federal subject-matter jurisdiction, however, cannot be waived, and we may raise the issue ourselves even if the parties do not. See Berger Levee Dist. v. United States, 128 F.3d 679, 680 (8th Cir. 1997); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The Supreme Court has concisely summarized the fundamental principles governing the removal jurisdiction of the federal courts:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

That said, the Supreme Court has recognized a corollary to the well-pleaded complaint rule known as the complete preemption doctrine. See Williams, 482 U.S. at 393. Under this doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id.; see also Hurt

v. Dow Chemical Co., 963 F.2d 1142, 1144 (8th Cir. 1992) ("It is not just that a preemption defense is present:  the [pleaded state-law] claim is completely federal from the beginning.").  The complete preemption doctrine applies only when a federal statute possesses "'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).  Congressional intent is the touchstone of the complete preemption analysis.  See id. at 544.  We must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, see Metropolitan Life, 481 U.S. at 66, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit, see id. at 63.

We need go no further than the statutory text to conclude the TILA lacks that extraordinary preemptive power necessary to convert a state-law complaint "into one stating a federal claim for purposes of the well-pleaded complaint rule."  Id. at 65.  On the contrary, the plain terms of the Act show Congress intended generally to disclaim preemption:

> Except as provided in section 1639 of this title, this subchapter does not otherwise annul, alter or affect in any manner the meaning, scope or applicability of the laws of any State, including, but not limited to, laws relating to the types, amounts or rates of charges, or any element or elements of charges, permissible under such laws in connection with the extension or use of credit . . . .

15 U.S.C. § 1610(b) (1994).  The Supreme Court has held a state-law claim unremovable under the complete preemption doctrine based on far less sweeping statutory language.  See Franchise Tax Bd., 463 U.S. at 24-26 (concluding that a limited exception to ERISA's broad preemption provision showed Congress did not intend to preempt completely every state cause of action relating to employee benefit plans).  Although no other circuit court has decided this issue, two district courts have

also concluded the complete preemption doctrine does not apply to the TILA. <u>See</u> <u>Jackson v. Bank One</u>, 952 F. Supp. 734, 736 (M.D. Ala. 1996); <u>General Electric</u> <u>Capital Auto Lease, Inc. v. Mires</u>, 788 F. Supp. 948, 950 (E.D. Mich. 1992). We thus conclude the district court lacked removal jurisdiction over this case. We express no opinion about the merits of the Exxon defendants' TILA-based preemption defense. That is for the Arkansas courts to decide.

We vacate the district court's order entering summary judgment in favor of the Exxon defendants, and we remand this case to the district court with directions to remand it to the state court in which the case was first filed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.