# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1962

_____

| | | |
|---|---|---|
| Cynthia McNeill, Formerly known as Cynthia J. Franke, | * * * | |
| Appellant, | * * | |
| v. | * * | |
| William E. Franke, doing business as Gannon Partnership 19, L.P.; Gannon Partnership 19, L.P.; Kevin W. Kelly; Pentad Properties, Inc., formerly known as Kemmons Wilson Properties, Inc., formerly known as St. Louis Associates Limited Partnership, formerly known as St. Louis Associates, Ltd., Inc.; St. Louis Associates Limited Partnership, formerly known as St. Louis Associates, Ltd.; Phillip J. Paster; Department of Housing and Urban Development, Henry Cisneros, Secretary; West Pointe Limited Partnership; Northwest Village Limited Partnership; Grandview Hills Limited Partnership; Park Ridge Apartments Limited Partnership; Lamplite Limited Partnership, | * * * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Appellees. | * | |

_____

Submitted:  February 8, 1999
Filed:       March 8, 1999
_____

Before FAGG, WOLLMAN, and LOKEN, Circuit Judges.
_____

FAGG, Circuit Judge.

This case stems from a Missouri divorce judgment awarding Cynthia McNeill a 20% interest in a private promissory note secured by a mortgage lien against five residential apartment complexes.  McNeill recorded her interest, and her former husband, William E. Franke, retained the remaining 80%.  Contrary to the divorce judgment's terms, Franke later unilaterally refinanced the note with a loan made under the National Housing Act and co-insured by the Federal Housing Administration, a branch of the United States Department of Housing and Urban Development (HUD).  When Franke's partnerships defaulted on the loans, HUD was assigned mortgage liens against the property.  Seeking to foreclose her mortgage interest and to determine the relative priority between her lien and HUD's liens, McNeill filed this lawsuit in federal district court.  The district court dismissed the federal case as barred by collateral estoppel and res judicata based on a Missouri contempt judgment against Franke. McNeill appealed, and we reversed. See McNeill v. Franke, 84 F.3d 1010 (8th Cir. 1996).  On remand, HUD moved to dismiss the case for lack of subject matter jurisdiction.  After HUD sold its mortgages to Prairie Properties, L.L.C., McNeill sought to add Prairie Properties as a defendant.  The district court granted HUD's motion to dismiss and denied as moot McNeill's motion to add Prairie Properties.  McNeill again appeals, and this time we affirm.

In her first amended complaint, McNeill alleged the district court had "jurisdiction of and over the subject matter and the parties . . . [under] 28 U.S.C. § 2410 in that this is an action to foreclose a lien against real property on which the

-2-

United States of America claims a lien." Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--(1) to quiet title to, (2) to foreclose a mortgage or other lien upon, . . . real or personal property on which the United States has or claims a mortgage or other lien." The statute does not grant jurisdiction, however, but merely waives sovereign immunity. See North Dakota v. Fredericks, 940 F.2d 333, 334-35 (8th Cir. 1991). Thus, McNeill's jurisdictional allegation is incorrect. Despite this defect, McNeill asserts dismissal was improper because she pleaded facts in her complaint showing a basis for federal question jurisdiction under 28 U.S.C. § 1331. McNeill has filed a motion to amend her complaint to allege jurisdiction on this ground. See 28 U.S.C. § 1653 (1994); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-31 (1989).

According to § 1331, federal district courts have original jurisdiction over cases "arising under the . . . laws . . . of the United States," including the federal common law, see Illinois v. City of Milwaukee, 406 U.S. 91, 100 (1972). Relying on United States v. Kimbell Foods, Inc., 440 U.S. 715 (1979), McNeill contends her lawsuit arises under federal common law. In Kimbell Foods, the Supreme Court considered whether contractual liens arising from federal loan programs took precedence over private liens arising under local law, in the absence of federal statutes setting priorities. See 440 U.S. at 718. Noting it had consistently held federal law governs questions involving the rights of the United States arising under nationwide federal lending programs, the Court held the priority of liens stemming from federal lending programs must be decided with reference to federal law. See id. at 726. Although the source of law is federal, the Court concluded a national rule is unnecessary to protect federal interests underlying the loan programs. See id. at 729. The Court thus selected state law to be incorporated as the federal rule of decision for establishing the relative priority of competing federal and private liens. See id. at 740.

Contrary to McNeill's assertion, <u>Kimbell Foods</u> does not control the decision in this appeal. <u>Kimbell Foods</u> dealt with choice of law, not federal question jurisdiction. Federal question jurisdiction exists only when the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983); <u>see</u> <u>Berger Levee Dist. v. United States</u>, 128 F.3d 679, 681 (8th Cir. 1997). "[T]he vast majority of cases brought under the general federal-question jurisdiction . . . are those in which federal law creates the cause of action." <u>Merrell Dow Pharmaceuticals  Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986). When state law creates the cause of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." <u>Franchise Tax</u>, 463 U.S. at 13; <u>see</u> <u>Merrell Dow</u>, 478 U.S. at 808-09. Nevertheless, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Merrell Dow</u>, 478 U.S. at 813.

In the case before us, federal common law does not create McNeill's causes of action. McNeill's first amended complaint sets forth three counts. The quiet title count seeks a declaration that McNeill's lien against the property is valid and perfected and has first priority over the defendants' liens. The second count asserts St. Louis Associates breached the promissory note by failing to pay as the note required. The third count reasserts McNeill's superior interest in the property and seeks judicial foreclosure. McNeill's complaint does not specify any statutory entitlement for the relief it seeks, but it appears the complaint states claims under Missouri statutes. <u>See</u> Mo. Rev. Stat. § 527.150 (1994) (quiet title); <u>id.</u> § 443.190 (judicial foreclosure). McNeill's breach of contract claim against a private entity also arises under state law. <u>See</u> <u>Federal Nat'l Mortgage Ass'n v. Howlett</u>, 521 S.W.2d

428, 437 (Mo. 1975). Indeed, McNeill does not even assert her claims are federal ones.

Without a federal cause of action, McNeill's case cannot arise under federal law unless her right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. See Franchise Tax, 463 U.S. at 13. No disputed question of federal law is a necessary element of McNeill's state claims. See id. To prevail on her claims involving HUD, McNeill must show that, under state law, she has an interest in the mortgage lien and her lien is perfected. Then, the court must decide the priority of the liens held by McNeill and HUD. Although Kimbell Foods dictates that the priority issue is governed by federal common law, there is no federal rule of priority so state law controls. See Chicago Title Ins. Co. v. Sherred Village Assocs., 708 F.2d 804, 806 (1st Cir. 1983). Thus, even if the priority issue is reached, McNeill's success still depends on state law. When, as here, the rights involved are rooted in state law, the presence of a collateral federal issue does not transform the action into a federal case. See Merrell Dow, 478 U.S. at 813; Robbins v. Reagan, 780 F.2d 37, 43 (D.C. Cir. 1985) (per curiam).

In conclusion, state law controls the outcome of this garden-variety quiet title, breach of contract, and judicial foreclosure action. McNeill will win or lose on the playing field of state law. Her case does not belong in the federal arena. We thus affirm the district court's dismissal for lack of federal subject matter jurisdiction. We grant HUD's motion to strike those parts of McNeill's appendix that were not before the district court. See Fed. R. App. P. 10(a); Barry v. Barry, 78 F.3d 375, 379 (8th Cir. 1996). We deny as moot McNeill's motion to amend her complaint.

A true copy.
    Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-