**Thomas R. BECNEL, individually and as trustee of the Becnel Family Trust, et al.   Plaintiffs**

v.

**KPMG LLP, et al.   Defendants**

No. 05–6015.

United States District Court, W.D. Arkansas, Hot Springs Division.

June 21, 2005.

Richard A. Adams, Texarkana, TX, W.H. Dub Arnold, New York City, Max W. Berger, New York City, Jai Chandrasekhar, New York City, John P. Coffee, New vYork City, John C. Goodson, Texarkana, TX, Avi Josefson, New York City, Douglas M. McKeige, New York City, George L.

McWilliams, Texarkana, TX, Sean F. Rommel, Texarkana, TX, J. Erik Sandstedt, New York City, Gerald H. Silk, New York City, Robert E. Tarcza, New Orleans, LA, for Plaintiffs.

John M. Bray, Kevin B. Clark, Washington, DC, Kevin M. Dinan, Washington, DC, Patricia L. Maher, Bethesda, MD, Toney D. McMillan, Arkadelphia, PA, James T. Phalen, WAshington, DC, Steven M. Bauer, San Francisco, CA, Ellen K. Brown, San Francisco, CA, Darius Ogloza, San Francisco, CA, Christopher O. Parker, Little Rock, AR, Christine Chi, New York City, Jennifer Haltom Doan, Texarkana, TX, Seth C. Farber, New York City, Lawrence M. Hill, New York City, Kelly Librera, New York City, Helen L. Duncan, Dinh Ha, Los Angeles, CA, Rodney P. Moore, Arkadelphia, PA, Jonathan C. Drimmer, Washington, DC, Claire Shows Hancock, Little Rock, AR, Gordon S. Rather, Jr., Little Rock, AR, Bruce A. Abbott, Los Angeles, CA, Brad D. Brian, Los Angeles, CA, Joseph Daniel Lee, Los Angeles, CA, Aaron M. May, Los Angeles, CA, Steven W. Quattlebaum, Little Rock, AR, Michael N. Shannon, Little Rock, AR, for Defendants.

### ORDER

DAWSON, District Judge.

Currently before the Court is Plaintiff's Motion to Remand. (Doc. 10.) In support of their motion, Plaintiffs contend the Complaint (Doc. 1) alleges only state law causes of action including fraud, conspiracy, unjust enrichment and breach of fiduciary duty, and that federal jurisdiction is lacking as these claims do not constitute a federal claim. Defendants contend removal was proper as substantial federal issues are involved. (Docs. 28, 30, 31, 32, and 41.) For the reasons reflected herein, Plaintiffs' motion is DENIED.

## A. Background

Plaintiffs contend that Defendants KPMG LLP (hereinafter "KPMG") and Sidley Austin Brown & Wood LLP (hereinafter "Sidley Austin") provided opinion letters to Plaintiffs regarding Plaintiffs' participation in KPMG's investment program. (Doc. 10 Ex. C.) The investment program involved Offshore Portfolio Investment Strategy (hereinafter "OPIS") and Bond-linked Issue Premium Stucture (hereinafter "BLIPS"). In the opinion letters, KPMG and Sidley Austin expressed to Plaintiffs the investment program would "more likely than not" be upheld if challenged by the Internal Revenue Service. (Doc. 10 Ex. C; Compl. p. 2.) Plaintiffs allege, however, that certain internal statements were made by KPMG employees, which reflected KPMG's belief that OPIS and BLIPS were illegitimate and possibly unlawful. (Doc. 10 p. 4.)

The alleged facts also reflect Plaintiffs obtained credit and account services from Defendants Deutsche Bank AG and Bayerische Hypo und Vereinsbank (hereinafter "BHV") by entering into agreements with Plaintiffs on September 21, 1998. Plaintiffs utilized these services to carry out OPIS, which involved the purchase and sale of Deutsche AG stock and options, securities transactions on the Frankfurt Stock Exchange and delivery to and contact with Deutsche Bank AG in Frankfurt, Germany. (Doc. 28 p. 3.) These transactions were achieved by utilizing a series of securities brokerage accounts with Defendant Deutsche Bank Securities, Inc., a subsidiary of Deutsche Bank AG. A separate customer agreement dated September 9, 1999, effectuated BLIPS. BLIPS involved foreign currency trading funded by Plaintiffs and a substantial loan from Deutsche Bank AG designed to generate tax savings as well as investment income. (Doc. 28 p. 4.) Both sets of customer agreements in-

cluded a mandatory arbitration provision for all controversies arising between the parties.

Plaintiffs filed their Complaint in state court on January 28, 2005, alleging causes of action based only on Arkansas law. In opposing remand, Defendants argue that federal jurisdiction is present since the resolution of Plaintiffs' state law causes of action require the interpretation of federal tax issues.[1] Title 28 U.S.C. § 1441(b) provides for removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." In determining whether such federal question jurisdiction exists, courts generally focus only on the well-pleaded allegations of the plaintiff's complaint.

■■■ Federal question jurisdiction may also exist where a substantial and disputed question of federal law is a necessary element of the state claims. *See McNeill v. Franke,* 171 F.3d 561, 564 (8th Cir.1999). This inquiry has been referred to as the substantial federal question doctrine. "To apply the doctrine, it must appear 'that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Moriconi v. AT & T Wireless PCS, LLC,* 280 F.Supp.2d 867, 877 (E.D.Ark.2003) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In addition, the "Supreme Court has indicated that a case may arise under federal

law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Berger Levee Dist. v. United States,* 128 F.3d 679, 681 (8th Cir.1997) (citing *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

■■■ In order for Plaintiffs to prevail on their state law claims, a determination must be made as to the legitimacy, or legality, of OPIS and BLIPS. Accordingly, the only way to determine whether OPIS and BLIPS are legitimate is to interpret the relevant portions of the United States Code relating to them. This finding is essential to the determination of Plaintiffs' claims, and there is no good reason to deny federal jurisdiction with this dispositive and contested federal issue at the heart of the state-law claim. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* No. 04–603, —— U.S. ——, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Therefore, we conclude Plaintiffs' claims rest on unsettled areas of federal law exclusively requiring adjudication by a federal court, and they require a construction or interpretation of federal law for their resolution. *See McNeill v. Franke,* 171 F.3d 561 (8th Cir.1999); *Berger Levee Dist. v. United States,* 128 F.3d 679 (8th Cir.1997). Accordingly, removal of the case was proper as federal question jurisdiction is present under 28 U.S.C. § 1331.

Based on the foregoing, we determine subject matter jurisdiction is present as there is a substantial federal question to be decided. Accordingly, Plaintiffs' Mo-

---

1. Defendants also advance three other arguments in favor of jurisdiction: 1) the Securities Litigation Uniform Standards Act of 1998 (SLUSA), which provides for removal of "covered class action" cases, preempts the state claims at issue and thus makes the action removable to federal court; 2) the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. § 202, confers federal question jurisdiction; and 3) the recently enacted "Class Action Fairness Act of 2005" (CAFA), codified at 28 U.S.C. § 1453, provides for the removal of this proposed class action on the basis of diversity jurisdiction. In view of our federal question jurisdiction decision, we need not determine the merit of Defendants' other arguments in favor of federal jurisdiction.

tion to Remand (Doc. 10) is DENIED. Defendants are hereby directed to file an answer to Plaintiffs' Complaint, or other responsive pleading or motion, within 30 days from the date of this Order.