# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2057

_____

In re:  Tama Beef Packing, Inc.,       *

            *

       Debtor,                 *

--------------------------------------     *

            *

AgriProcessors, Inc.,            *

            *

       Appellee,              *

            *    Appeal from the United States

     v.                    *    Bankruptcy Appellate Panel

            *    for the Eighth Circuit.

Iowa Quality Beef Supply         *

Network, LLC,              *      [UNPUBLISHED]

            *

       Appellant.             *

_____

Submitted:  December 24, 2003

Filed:  February 6, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Iowa Quality Beef Supply Network, LLC (IQBSN) appeals the bankruptcy appellate panel's (BAP's) order reversing the bankruptcy court's order denying AgriProcessors, Inc. (AgriProcessors) payment of administrative expenses.  We conclude that we lack jurisdiction.

IQBSN was the successful bidder in negotiations to purchase the right to assume an unexpired lease belonging to bankrupt Tama Beef Packing, Inc. AgriProcessors, an unsuccessful bidder, applied for payment of administrative expenses for the costs it incurred in negotiating with the trustee. While the trustee agreed that AgriProcessors should be paid, IQBSN objected to AgriProcessors' application, assertedly "on behalf of" priority and nonpriority creditors with whom it wished to do business. The bankruptcy court denied AgriProcessors' application, but the BAP reversed, and remanded for a determination of the reasonableness of the fees. IQBSN appeals.

We have an independent obligation to examine our jurisdiction. See Int'l Ass'n of Fire Fighters v. City of Clayton, 320 F.3d 849, 850 (8th Cir. 2003). To have standing to appeal, IQBSN must show it had a pecuniary interest in how the trustee allocated the funds IQBSN paid for the lease. See In re Marlar, 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000) (party ordinarily must show basis for arguing that challenged action caused cognizable injury, i.e., that party was aggrieved by order), aff'd, 267 F.3d 749 (8th Cir. 2001); cf. Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-19 (1st Cir. 2001) (standing to appeal from final bankruptcy court order requires showing that challenged order directly and adversely affects appellant's pecuniary interests).

IQBSN is not a debtor, trustee, or creditor, and has not alleged that it would be directly financially affected by the allowance of AgriProcessors' claim. Rather, IQBSN hopes the creditors will be paid as much as possible so that it can do business with them on good terms. Although IQBSN purported to be objecting "on behalf of" these creditors, there is no indication that IQBSN is legally representing them. Thus, we can discern no basis for appellate standing.

Accordingly, we dismiss this appeal for lack of jurisdiction.

_____