# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 12-6065

_____

In re: Leanna S. Peoples

*Debtor*

------------------------------

Leanna S. Peoples

*Debtor - Appellant*

v.

Stuart J. Radloff

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 14, 2013
Filed: July 2, 2013

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge.

Debtor, Leanna Peoples, appeals from the bankruptcy court's[1] Order denying her Motion to Set Aside Compromise.  For the reasons that follow, we affirm.

BACKGROUND

Prior to her bankruptcy, Peoples was employed by the City of Maplewood Police department from March 1999 through July 2009.  When her employment ended, she filed suit against the City of Maplewood alleging constructive discharge, discrimination on the basis of her race and gender, hostile work environment, intentional infliction of emotional distress, and retaliation pursuant to §213.055 R.S.Mo., et seq.

Debtor filed her chapter 7 bankruptcy petition, pro se, on April 29, 2011.  Her petition identified a street address of 1011 Walton Avenue, St. Louis, Missouri.  The pending cause of action against the City of Maplewood was not disclosed on the schedules.  The case was closed as a no-asset filing on June 10, 2011.  A motion for summary judgment was then filed in the state court action by the City of Maplewood seeking dismissal of the litigation on the basis that Peoples had failed to disclose the claim in her bankruptcy proceeding.  On December 16, 2011, the Debtor filed a motion to reopen her bankruptcy case which identified 1011 Walton Avenue as her address.  The motion to reopen was granted and Peoples filed an amended schedule listing the pending litigation.

The chapter 7 trustee determined that the Debtor's interest in the litigation was an asset of the estate subject to administration for the benefit of creditors.  On January 25, 2012, the trustee filed an Application to Employ James B. Day as an attorney, to represent the estate "with regard to the negotiation and recovery of any proceeds" related to *Leanna Peoples v. City of Maplewood,* Case No. 10SL-CC02397.  The employment of the trustee's attorney was approved by the court. Approximately eight months later, on September 5, 2012, the trustee filed a Motion

[1] The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

to Approve Compromise of Claim seeking the bankruptcy court's approval to settle Peoples' claim for the amount of $20,000. This filing sets forth the basis for the settlement and that it was unlikely that any surplus funds would be available for distribution to the Debtor after the payment of expenses and claims. The motion also contained notice that September 26, 2012 was the deadline to file any resistance to the motion and scheduled a hearing for October 1, 2012 at 10:00 a.m. In capitalized bold type was a warning that unless timely objections were filed, the court may enter an Order prior to the hearing date. The motion was served upon all parties in interest, including the Debtor at the address included in her motion to reopen her case. No objections or other responsive pleadings were filed within the time period identified on the face of the Motion. The court granted the trustee's motion on October 3, 2012 without holding the October 1, 2012 hearing. See 11 U.S.C. § 102(1) (2013).

On October 11, 2012, Peoples filed a Motion for Leave to Object to Compromise of Claim and a Motion to Set Aside the Order. We construe this Motion to be one under Rule 60(b) that requests relief from the order approving the settlement. A hearing was conducted by the bankruptcy court on November 5, 2012 related to the Debtor's Motion. The Court was informed at the time that the parties had agreed to stay consummation of the trustee's settlement pending resolution of the outstanding issues. No exhibits or witnesses were offered by any party. During that hearing, Peoples stated she had not received notice of the trustee's Motion to Compromise. Debtor's state court litigation counsel argued that it was premature to resolve the claim without further discovery and an expert's report. He further stated he could not make a reliable representation as to the amount of any potential damage award. Mr. Day, attorney for the trustee, argued that the litigation had been investigated and based upon the information obtained, the trustee decided to pursue settlement of the case. Both Mr. Day and Mr. Mackey, attorney for the City of Maplewood, contended that the Debtor held no pecuniary interest in the pending litigation. The Court denied the Debtor's motion and Peoples has appealed this final order.

STANDARD OF REVIEW

We review the bankruptcy court's order for an abuse of discretion. <u>Sanders v. Clemco Indus.</u>, 862 F.2d 161, 169-70 (8th Cir. 1988). The conclusion that such an abuse occurred can only be reached if the court's ruling was clearly erroneous as to factual findings or legal conclusions. <u>Yates v. Forker</u> (<u>In re Patriot Co.</u>), 303 B.R. 811, 814 (B.A.P. 8th Cir. 2004).

## DISCUSSION

The threshold issue to be determined is whether the Debtor has standing as an aggrieved party to the bankruptcy court's order. See <u>Nangle v. Surratt-States</u> (<u>In re Nangle</u>), 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003) (citations omitted). We are required to make this determination whether or not the issue was specifically addressed or decided by the bankruptcy court. See <u>Berger Levee Dist., Franklin County, Mo. v. United States</u>, 128 F.3d 679, 680 (8th Cir. 1997); <u>Sioux Falls Cable Television v. State of South Dakota</u>, 838 F.2d 249, 251 (8th Cir. 1988). To establish standing by way of a pecuniary interest there must be a showing of a direct injury resulting from the order. See <u>Yukon Energy Corp. v. Brandon Invs., Inc.</u> (<u>In re Yukon Energy Corp.</u>), 138 F.3d 1254, 1259 (8th Cir. 1998); <u>Fidelity Bank, Nat'l Assn. v. M.M. Group, Inc.</u>, 77 F.3d 880, 882 (6th Cir. 1996). "This principle limits standing to persons with a financial stake in the bankruptcy court's order." <u>In re Nangle</u>, 288 B.R. at 216 (citing <u>In re Marlar</u>, 252 B.R. 743, 748 (8th Cir. BAP 2001)).

By commencing a voluntary bankruptcy case, a debtor's assets become property of the bankruptcy estate, over which a trustee has control of their disposition. See 11 U.S.C. §§ 541(a), 704 (2013). Consequently, a chapter 7 debtor cannot normally establish a pecuniary interest in property of the estate. <u>Spenlinhauer v. O'Donnell</u>, 261 F. 3d. 113, 118 (1st Cir. 2001). To meet the pecuniary interest requirement, Peoples bears the burden to show that after payment of all claims, there would be a surplus of funds to be paid pursuant to 11

U.S.C. section 726(a)(6).  See In re Nangle, 288 B.R. at 216; see also *In re Depoister* (*Depoister v. Mary M. Holloway Foundation*)*,* 36 F.3d 582, 585 (7th Cir.1994)*; In re Willemain (Willemain v. Kivitz), 764 F.2d 1019, 1023 (4th Cir.1985)*; *In re Cosmopolitan Aviation Corp.* (*Cosmopolitan Aviation Corp. v. New York State Dep't of Transp.*)*,* 763 F.2d 507, 513 (2d Cir.1985); *In re Alfaro* (*Alfaro v. Vazquez* )*,* 221 B.R. 927, 931-32 (B.A.P. 1st Cir.1998).

The trustee argues that administrative expenses and the amounts owed according to proofs of claim that were filed exceed the amount of the proposed settlement, which results in no pecuniary interest being held by the Debtor. Peoples counters this argument by asserting that the *potential* value of the claim against the City of Maplewood should be the basis of determining whether she has standing to appeal.  Standing may not be conferred when the interest alleged is speculative or contingent.  Gentile v. DeGiacomo (In re Gentile), No. MB 12-071, 2013 WL 2221496, at *3 (B.A.P. 1st Cir. May 20, 2013).  To demonstrate the inadequate amount of the trustee's settlement, in her Reply Brief, Peoples recites verdicts against the City of Maplewood in other proceedings that range in amounts of $50,000 up to $479,000.  This information was not provided to the bankruptcy court, and we do not consider it on appeal.

The chapter 7 trustee investigated the pending litigation and made a determination that the proposed compromise was in the best interest of the estate. The court granted the trustee's motion by default because no resistances were timely filed.  Peoples has failed to meet her burden to show a pecuniary interest to establish her standing to object to the trustee's Motion to Compromise or to pursue this appeal.

## CONCLUSION

Accordingly, we affirm the decision of the bankruptcy court.

_____