# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 13-6022

_____

In re: Richard Michael Heyl; Jennifer Heyl

*Debtor*s

------------------------------

Steve Conway

*Plaintiff - Appellant*

LorCon LLC #1

*Plaintiff*

v.

Richard Michael Heyl

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted:  October 24, 2013
Filed: December 12, 2013

_____

Before KRESSEL, SALADINO, and NAIL, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Steve Conway appeals the April 8, 2013 order of the bankruptcy court[1] denying a motion for relief from judgment under Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60. Because Conway lacks standing to appeal the bankruptcy court's order, we dismiss this appeal.

## BACKGROUND

LorCon LLC #1 ("LorCon") invested in Heyl Partners Station Plaza ("Heyl Partners") and Johns Folly Ocean Villas, LLC ("Johns Folly"), two real estate development ventures Debtor Richard Michael Heyl had promoted to Steve Conway, a principal of LorCon. In early 2007, when Heyl Partners ran into severe financial difficulties, Debtor presented LorCon with the option of transferring its interest from Heyl Partners to either Johns Folly or Madaford Gardens, LLC, or turning its investment into a loan to be paid back over time.[2] LorCon opted to transfer its Heyl Partners investment into an additional investment in Johns Folly, with the transfer back-dated to the first of the year. Attendant to this deal, Debtor also promised to assign six months of a 20% member's passive loss in 2007 from Heyl Partners to Conway and his wife personally, and he guaranteed to buy back, between January 2010 and May 2010, LorCon's investment in Johns Folly, including subsequent capital calls. The value of LorCon's transfer of its investment from Heyl Partners to Johns Folly was negotiated in large part based on Debtor's representations concerning an asserted recent investment in Johns Folly by an apparent insider, Mary Beth Kinsella.

---

[1]The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

[2]Conway argues on appeal Debtor did not offer the "loan" option.

After the 2007 transfer of its interest from Heyl Partners to Johns Folly, LorCon also fulfilled two large capital calls by Johns Folly, further increasing its investment. Ultimately, the Johns Folly venture also failed.

After Debtor filed for relief under chapter 7 of the bankruptcy code, LorCon filed a proof of claim for $61,500 for its 2007 investment in Johns Folly and $18,000 for the two subsequent capital calls by Johns Folly, for a total claim of $79,500. LorCon and Conway also commenced an adversary proceeding seeking a determination by the bankruptcy court that LorCon's claim against Debtor should be excepted from discharge for fraud pursuant to 11 U.S.C. § 523(a)(2)(A). Though not clearly delineated in the complaint's prayer for relief, LorCon and Conway quantified LorCon's damages at $61,500 for LorCon's transfer of its investment from Heyl Partners to Johns Folly and $18,000 for LorCon's two subsequent capital calls by Johns Folly, for a total claim of $79,500.[3] They did not assign any damages to Debtor's failure to transfer the passive losses from Heyl Partners to Conway and his wife personally or to the unfulfilled buyback guarantee.

Following a trial, the bankruptcy court entered findings and conclusions and an order, drawing limited distinction between LorCon and Conway. The bankruptcy court found Debtor had indeed made false representations about Kinsella's investment in Johns Folly, but held "Conway has not proven that Debtor's representations concerning the 20% passive loss or the guaranteed buy-back were false at the time that they were made[.]" The bankruptcy court concluded LorCon had not shown its losses–both the initial transfer of its interest from Heyl Partners to Johns Folly and its subsequent additional capital investments in Johns Folly–were the proximate result of Debtor's false representations about Kinsella's investment in Johns Folly. The bankruptcy court further concluded LorCon and Conway had not established

_____

[3] The appeal record is unclear on whether the funds for the capital calls came from LorCon or Conway, though the equity position was maintained by LorCon.

-3-

damages, especially where Heyl Partners would have had no value if LorCon had kept its investment there. Finally, the bankruptcy court stated "there is no basis for this Court to conclude that had Debtor not made the false representation concerning [Kinsella, Conway] would have instead chosen the Madaford Gardens investment opportunity." Neither LorCon nor Conway appealed the bankruptcy court's order.

On February 11, 2013, LorCon and Conway filed a motion for relief from judgment, generally citing Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60. In their motion, they alleged some testimony at trial was false, and they claimed they had newly discovered evidence regarding the financial condition of Johns Folly in 2007.[4] Throughout the motion, they argued had Debtor not knowingly misrepresented the financial condition of Johns Folly, LorCon would have transferred its investment from Heyl Partners into Madaford Gardens, rather than into Johns Folly, and would not have paid the additional capital calls for Johns Folly. They opined the bankruptcy court on reconsideration would–without the fraudulent testimony, but with the newly discovered evidence–find the previously missing proximate cause element of § 523(a)(2)(A) and award damages of $79,500 for LorCon's investments in Johns Folly. LorCon and Conway did not address either Debtor's promise to transfer the passive losses to Conway and his wife personally or the buyback guarantee.

The bankruptcy court concluded LorCon and Conway were proceeding under Rule 60(b)(2) and denied the motion. The bankruptcy court found LorCon and Conway had not shown why a certain email from Debtor to Conway could not have been discovered before trial. The bankruptcy court also concluded even if the Heyl Partners investment had been transferred into Madaford Gardens rather than into

---

[4] The desultory nature of Conway's briefs make it difficult to distinguish his arguments on appeal regarding the bankruptcy court's ruling on the Rule 60 motion from his rehashing of the theories and arguments advanced at trial.

Johns Folly, the investment in Madaford Gardens would also be "virtually worthless today."

LorCon and Conway timely appealed the bankruptcy court's order denying their Rule 60 motion. LorCon's attorney was permitted to withdraw, and LorCon was later dismissed from the appeal.

Conway proceeds in this appeal *pro se,* arguing the bankruptcy court erred in concluding Madaford Gardens has *de minimis* value, the bankruptcy court failed to consider an "out-of-pocket" measure of damages and all the alternative arguments for damages presented "in the Motion," and the bankruptcy court failed to address the Rule 60 motion under subsections other than 60(b)(2). In his responsive brief, Debtor argues Conway's Rule 60 motion only re-argued the theories LorCon and Conway had advanced at trial, and Debtor argues Conway did not demonstrate why the several documents he now wants considered had not been presented at trial. In his reply brief, Conway again argues the bankruptcy court's denial of the Rule 60 motion should be reversed and the matter remanded because of errors made by the bankruptcy court. Except for a single reference to an exhibit attached to the Rule 60 motion, Conway's reply brief does not meaningfully relate to that motion.

Two motions attendant to the appeal are also pending. Conway wants to supplement the record with several documents. Debtor wants us to strike certain portions of Conway's appeal brief, and he does not want us to consider the several documents Conway wishes to add to the record.

## STANDARD OF REVIEW

An order denying a motion for relief under Rule 60(b)[5] is final and may be appealed. *Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65 n.3 (8th Cir. 1988). Generally, we review a bankruptcy court's denial of relief under Rule 60(b) only for abuse of discretion. *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997); *Sanders*, 862 F.2d at 169 (citing *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (*per curiam*)).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013). Because a Rule 60(b) motion cannot substitute for an appeal, *Sanders*, 862 F.2d at 169-70, 170 n.16, an appeal from the denial of such a motion does not present the underlying judgment for our review. *Id*. at 169-70.

## DISCUSSION

We must first examine our jurisdiction and determine whether Conway has standing to appeal the bankruptcy court's denial of the Rule 60 motion. *AgriProcessors, Inc. v. Iowa Quality Beef Supply Network, LLC* (*In re Tama Beef Packing, Inc.*), 92 Fed. Appx. 368 (8th Cir. Feb. 6, 2004) (court has independent obligation to examine its jurisdiction); *Peoples v. Radloff* (*In re Peoples*), 494 B.R.

---

[5] Federal Rule of Bankruptcy Procedure 9024 makes Fed.R.Civ.P. 60 applicable in most bankruptcy proceedings.

395, 397 (B.A.P. 8th Cir. 2013) (appellate panel must examine the appellant's standing). "Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential standing requirements associated therewith." *Sears v. U.S. Trustee* (*In re AFY*), 734 F.3d 810, 819 (8th Cir. 2013) (quoting *Harker v. Troutman* (*In re Troutman Enters., Inc.*), 286 F.3d 359, 364 (6th Cir. 2002)). "'[T]he person aggrieved doctrine[ ] limits standing to persons with a financial stake in the bankruptcy court's order,' meaning they were 'directly and adversely affected pecuniarily by the order.'" *Id*. (quoting *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000)).

Here, Conway does not possess a financial stake in the bankruptcy court's order denying the Rule 60 motion. Though he was a plaintiff in the adversary proceeding, Conway does not possess a pecuniary interest that was directly and adversely affected by *that* particular order. *United States v. Northshore Mining Co.*, 576 F.3d 840, 846-47 (8th Cir. 2009). Whatever impact the bankruptcy court's Rule 60 order had, it was felt only by LorCon, which has been dismissed from this appeal. The Rule 60 motion did not request any relief that would affect Conway directly, and thus, in denying that motion, the bankruptcy court did not adversely and directly affect Conway.

Finally, even though he is a member of LorCon, Conway may not assert LorCon's interests on appeal. Mo. Rev. Stat. § 347.069;[6] *see Renaissance Leasing,*

---

[6] Section 347.069 of Mo. Rev. Stat. provides, in pertinent part:

A member, manager, employee, or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce such person's right against or duty or liability to the limited liability company. Notwithstanding any provision of sections 347.010 to 347.187 to the contrary, any person, including a member, manager, employee or agent of a limited liability company, against whom a claim exists may be joined as a proper party to proceedings by or against a limited liability

*LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 120 (Mo. 2010) ("Separate [business] entities rise and fall on their own claims. . . . [E]ach entity must plead and prove its claims individually to be entitled to relief."); *United States v. Petters*, 857 F. Supp. 2d 841, 845 (D. Minn. 2012) (law of jurisdiction that creates an alleged property right determines the validity of that interest); *see also Rosenberg v. DVI Receivables, XIV, LLC*, No. 12-CV-22275, 2012 WL 5198341, at *2 (S.D. Fla. Oct. 19, 2012) (shareholder standing doctrine may apply to members of a limited liability company).

> A limited liability company . . . "is a form of legal entity that has the attributes of both a corporation and a partnership but is not formally characterized as either." A member . . . is a person who has been admitted to the limited liability company as a member. A member's interest in the company is personal property, and a "member has no interest in specific limited liability company property." The limited liability company, not a member, is the proper party to enforce the limited liability company's rights against third parties.

*In re Bison Park Development, LLC*, Bankr. No. 07-22754, 2011 WL 4498848, at *3 (Bankr. D. Kan. 2011) (internal footnotes referencing applicable Missouri statutes on limited liability companies omitted). Here, Conway does not possess a separate and distinct injury arising from the bankruptcy court's order denying the Rule 60 motion. Moreover, there is nothing in the record to suggest LorCon could not or would not advance its own rights on appeal. *See* Mo. Rev. Stat. § 347.171.[7]

---

company to the extent the claim arises out of the transaction or occurrence that is the subject matter of the claim against the limited liability company.

[7] Section 347.171 of Mo. Rev. Stat. provides (emphasis added):

A member may bring an action in the right of the limited liability company to recover a judgment in its favor if *all* of the following

## CONCLUSION

Conway does not have standing to appeal the bankruptcy court's denial of the Rule 60 motion. His appeal is therefore dismissed, and the attendant pending motions are denied as moot.

————————————————

————————————

conditions are met:

> (1) The plaintiff does not have the authority under the provisions of the operating agreement to cause the limited liability company to sue in its own right;
>
> (2) The plaintiff has made demand on the authorized person or persons having the authority to cause the limited liability company to institute such action requesting that such persons cause the limited liability company to sue in its own right;
>
> (3) The persons with such authority have refused to bring the action or, after adequate time to consider the demand, have failed to respond to such demand; and
>
> (4) The plaintiff is a member of the limited liability company at the time of bringing the action, and was a member of the limited liability company at the time of the transaction of which he complains, or his status as a member of the limited liability company thereafter devolved upon him by operation of law or pursuant to the terms of the operating agreement from a person who was a member at such time.