# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2686

_____

In re: Leanna S. Peoples,

*Debtor*,

------------------------------

Leanna S. Peoples,

*Appellant*,

Stuart J. Radloff,

*Appellee*.

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: June 9, 2014
Filed: August 20, 2014

_____

Before BYE, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Leanna S. Peoples, a Chapter 7 debtor, appeals the decision of the Bankruptcy
Appellate Panel. The BAP, as the panel is commonly known, affirmed a decision of

the bankruptcy court[1] approving a settlement between the Chapter 7 trustee—Stuart J. Radloff—and the City of Maplewood, and denying Peoples's motion to set aside the settlement.  Because Peoples lacks standing to pursue this appeal, we affirm.

## I.

In 2009, Peoples filed suit in state court against her employer, the City of Maplewood, alleging several employment-discrimination claims.  In April 2011, Peoples filed a *pro se* voluntary petition under Chapter 7 of the bankruptcy code.  Peoples failed to disclose her pending lawsuit against Maplewood as an asset on the schedules that she submitted with her bankruptcy petition.  In August 2011, the bankruptcy court granted Peoples's petition and discharged her from bankruptcy.  The bankruptcy case was closed as a "no-asset filing."

Maplewood then moved for summary judgment in Peoples's state-court action on the ground that Peoples had failed to disclose the suit in her bankruptcy proceeding.  In response, Peoples filed a *pro se* motion to reopen her bankruptcy case, disclosing the existence of her pending suit against Maplewood.  In January 2012, the bankruptcy court granted Peoples's motion, and her bankruptcy case was reopened, with the Maplewood litigation listed among the estate's assets.  The Chapter 7 trustee then determined that Peoples's interest in the Maplewood litigation was an asset of the estate, subject to administration for the benefit of her creditors.

In September 2012, the trustee filed a Motion to Approve Compromise of Claim, requesting that the bankruptcy court approve an agreement reached by the trustee and Maplewood to settle Peoples's suit against Maplewood for $20,000.  The motion recited the "Trustee's position that the compromise is fair and reasonable

___

[1] The Honorable Kathy A. Surratt-States, Chief United States Bankruptcy Judge for the Eastern District of Missouri.

under the circumstances and that it will avoid the additional expense of additional litigation to determine the merits of [Peoples's] claim." The motion continued that the "Trustee does not believe that there will be any surplus funds that will result in a distribution to the Debtor."

The motion was served on Peoples—at the address listed on her *pro se* motion to reopen—and on the attorney who had represented her in the Maplewood litigation. The motion noted that a hearing on the motion was scheduled for October 1, 2012 at 10:00 a.m. The motion also contained the following, boldfaced notice:

> WARNING: ANY RESPONSE OR OBJECTION TO THIS MOTION MUST BE FILED WITH THE COURT BY SEPTEMBER 26, 2012. . . . FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.

On October 1, Peoples filed a notice of change of address with the bankruptcy court. On October 3, the bankruptcy court granted the trustee's motion without a hearing, noting both that "Notice of Trustee's Motion was provided to the Debtor," and that no responses or objections to the trustee's motion were received. *See* 11 U.S.C. § 102(1)(B).

On October 11, Peoples filed a Motion for Leave to Object to Compromise of Claim, a Request for Hearing on Motion to Approve Compromise of Claim, and a Motion to Set Aside the Order. On November 5, the bankruptcy court held a hearing on Peoples's motions. At the hearing, Peoples stated that she did not receive a copy of the trustee's motion. Peoples indicated that she objected to the settlement because "the amount isn't enough." Peoples's state-court counsel argued that it was premature to resolve the claim without further discovery and an expert's report. Both the trustee and Maplewood argued that Peoples did not have standing, because she

lacked a pecuniary interest in the pending litigation. After the hearing, the bankruptcy court denied Peoples's motions. Peoples then appealed to the BAP.

After argument, the BAP affirmed the bankruptcy court's decision. *In re Peoples*, 494 B.R. 395 (B.A.P. 8th Cir. 2013). The BAP construed Peoples's October 11 filings as a motion under Federal Rule of Civil Procedure 60(b), requesting relief from the bankruptcy court's order approving the settlement between the trustee and the City of Maplewood. The BAP affirmed the bankruptcy court's decision because Peoples failed "to meet her burden to show a pecuniary interest to establish her standing to object to the trustee's Motion to Compromise or to pursue this appeal." *Id*. at 398. The BAP rejected Peoples's argument based on the potential value of her claim against Maplewood, reasoning that "[s]tanding may not be conferred when the interest alleged is speculative or contingent." *Id.* Peoples appeals.

## II.

"On appeal from a decision of the BAP, we act as a second reviewing court of the bankruptcy court's decision, independently applying the same standard of review as the BAP." *In re Treadwell*, 637 F.3d 855, 863 (8th Cir. 2011) (internal quotation omitted). We review the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*. *Id.*

Peoples argues that the bankruptcy court erred in approving the settlement between the trustee and Maplewood. She contends that the court failed to analyze properly the factors for evaluating a compromise in bankruptcy, *see Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929), and that the settlement is not fair and equitable to Peoples. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Peoples does not address the BAP's holding that she lacked standing to appeal the bankruptcy court's decision.

Standing in a bankruptcy appeal is narrower than Article III standing. The governing rule—a so-called person aggrieved doctrine—was derived from the Bankruptcy Act of 1898, and it carried over to practice under the modern Bankruptcy Code. *In re AFY*, 734 F.3d 810, 819–20 & n.10 (8th Cir. 2013). The doctrine limits standing "'to persons with a financial stake in the bankruptcy court's order,' meaning they were 'directly and adversely affected pecuniarily by the order.'" *Id*. at 819 (quoting *In re Marlar*, 252 B.R. 743, 748 (B.A.P 8th Cir. 2000)).

When a debtor commences a voluntary bankruptcy case, the debtor's assets, including pending causes of action, become property of the bankruptcy estate. 11 U.S.C. § 541(a); *see Whetzal v. Alderson*, 32 F.3d 1302, 1303 (8th Cir. 1994). Peoples's action against Maplewood thus became an asset of her bankruptcy estate. By virtue of § 541, "[d]ebtors, particularly chapter 7 debtors, rarely have a pecuniary interest because how the estate's assets are disbursed by the trustee has no pecuniary effect on the debtor." *In re Nangle*, 288 B.R. 213, 216 (B.A.P 8th Cir.), *aff'd*, 83 F. App'x 141 (8th Cir. 2003). If, however, "the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." *Id*.

Here, the amount of the settlement approved by the bankruptcy court was $20,000. Three creditors timely filed claims against Peoples's bankruptcy estate in an aggregate amount of roughly $23,000. Even without accounting for administrative expenses—such as the trustee's attorneys' and accountants' fees—and the lien against the settlement funds asserted by Peoples's state-court counsel, the amount owed to Peoples's creditors exceeds the amount of the settlement. Because no surplus funds exist to distribute to Peoples, she lacks a pecuniary interest in the bankruptcy court's order. Although the rules of procedure provided for notice to Peoples and an opportunity for her to object in the bankruptcy court to the settlement agreement itself, *see* Fed. R. Bankr. P. 2002(a)(3); *In re Thompson*, 965 F.2d 1136, 1140–41 & n.5 (1st Cir. 1992), she is not a person aggrieved by the bankruptcy court's order, so

she lacks standing to appeal either the order approving the settlement or the order denying her motion to reconsider. *See Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117–19 (1st Cir. 2001); *Willemain v. Kivitz*, 764 F.2d 1019, 1022–23 (4th Cir. 1985).

*          *          *

The judgment of the bankruptcy court is affirmed.

_____