# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1182
_____

In re: James Allen Carter, Jr.; Leigh Emory Carter

*Debtor*s

------------------------------

James Allen Carter, Jr.; Leigh Emory Carter

*Appellant*s

v.

First National Bank of Crossett

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit
_____

Submitted: November 10, 2014
Filed: November 17, 2014
[Unpublished]
_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

James Allen Carter, Jr., and Leigh Emory Carter, debtors, appeal the decision of the Bankruptcy Appellate Panel (BAP). The BAP affirmed a bankruptcy court[1] order denying sanctions because First National Bank of Crossett's violation of the automatic stay under 11 U.S.C. § 362 was not willful. We affirm.

I

The Carters petitioned for relief under Chapter 13 of the bankruptcy code. After the Carters petitioned, First National Bank of Crossett (Bank) continued pursuing a state court replevin action for logging equipment, which a logging company, of which James was the owner and sole member, pledged as security for two promissory notes. Unbeknownst to the Bank, prior to filing the bankruptcy petition, James assigned the assets of the logging company to himself.

James received notice of the filing of the state court replevin suit, but he did not respond to the suit or file any objections until after the state court issued an order of delivery granting the Bank the right to immediate possession of the logging equipment. James then filed a motion requesting the state court to stay the order of delivery based on the bankruptcy filing and the assignment, making the Bank aware for the first time James had assigned the logging equipment. As a result of James's motion, the state court directed the county sheriff to repossess the equipment and retain it pending further order of the court. The Bank, continuing to dispute the assignment, sent a letter to the logging company explaining its rights of redemption for the equipment.

The Carters thereafter filed motions with the bankruptcy court alleging the Bank violated the automatic stay and requesting sanctions. After an evidentiary

---

[1]The Honorable James G. Mixon, late a United States Bankruptcy Judge for the Western District of Arkansas.

hearing, the bankruptcy court found the Bank did not willfully violate the automatic stay and denied sanctions.

The Carters appealed the denial of sanctions to the BAP. The BAP affirmed the bankruptcy court and determined although the Bank violated the automatic stay, any violation was technical and not willful in nature, and as a result, damages were not warranted. The Carters appeal, claiming the Bank's violations were willful, and the case should be remanded for a determination of damages.

## II

The Carters urge this court to reverse the bankruptcy court's determination that the Bank's violations were not willful.[2] Citing Knaus v. Concordia Lumber Co. (In re Knaus), 889 F.2d 773 (8th Cir. 1989), they argue the initial repossession of the logging equipment as well as the continued failure to return the equipment constituted willful violations of the automatic stay.

"On appeal from a decision of the BAP, we act as a second reviewing court of the bankruptcy court's decision, independently applying the same standard of review as the BAP." Peoples v. Radloff (In re Peoples), 764 F.3d 817, 820 (8th Cir. 2014) (quotation marks and citation omitted). "We review the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*." Id. A determination on

---

[2]The Bank also filed a motion to dismiss for lack of jurisdiction, alleging the Carters lost standing to their Chapter 7 bankruptcy trustee when they converted their case to Chapter 7 while this matter was pending before the BAP. We disagree. Property of the bankruptcy estate in a case converted from Chapter 13 to Chapter 7 without bad faith is determined as of the date of filing of the initial petition rather than the date of conversion. See 11 U.S.C. § 348(f)(1)(A), (f)(2). We therefore deny the motion to dismiss.

sanctions is reviewed for an abuse of discretion. <u>Garden v. Cent. Neb. Hous. Corp.</u>, 719 F.3d 899, 906 (8th Cir. 2013).

The automatic stay becomes effective on the filing of the bankruptcy petition and precludes any action attempting to enforce the collection of a prepetition obligation. 11 U.S.C. § 362(a). "Section 362(k)(1) provides that a debtor injured by a 'willful' violation of the automatic stay 'shall recover actual damages, including costs and attorneys' fees[.]'" <u>Garden</u>, 719 F.3d at 906 (alteration in original) (quoting 11 U.S.C. § 362(k)(1)). "To recover under § 362(k), the debtor must show that the creditor's violation of the automatic stay was willful[.]" <u>Garden</u>, 719 F.3d at 906. To be willful, a creditor must take action that is deliberate and with the knowledge that a bankruptcy petition has been filed. <u>In re Knaus</u>, 889 F.2d at 775.

The Carters' argument fails. At issue in this case is the Bank's knowledge of the assignment, coupled with knowledge of the Carters' bankruptcy petition. The Bank was unaware of the assignment or the Carters' bankruptcy petition when it initially sought replevin. It did not become aware of either event until James filed his motion in state court. Due to the Bank's lack of knowledge prior to this time, a willful violation of the stay could not have occurred.

Moreover, subsequent to James's motion, the state court directed the county sheriff to repossess the equipment and retain it pending further order of the court. The Bank also continued to dispute whether the assignment was valid and whether the logging equipment was property of the Carters' bankruptcy estate. It additionally sent the letter pertaining to redemption rights to the logging company rather than to James individually. This makes this case distinguishable from <u>In re Knaus</u>, 889 F.2d at 774, in which the creditor admitted the property was property of the debtor's estate and consented to turnover. The Bank's actions under these circumstances cannot be considered willful violations. The bankruptcy court did not clearly err by finding the Bank's violations of the automatic stay were not willful. Further, because the Carters

failed to satisfy section 362(k)(1), they are not entitled to sanctions. The bankruptcy court did not abuse its discretion in denying the Carters' motion for sanctions. See Lovald v. Tennyson (In re Wolk), 686 F.3d 938, 940 (8th Cir. 2012) ("The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous.").

III

For the foregoing reasons, we affirm.

_____