# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6035

_____

In re: Paul Hansmeier

*Debtor*

------------------------------

Paul Hansmeier

*Debtor - Appellant*

v.

Daniel McDermott

*U.S. Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: August 12, 2016
Filed: September 29, 2016

_____

Before SCHERMER, NAIL, and SHODEEN, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Debtor Paul Hansmeier appeals the December 3, 2015 order of the bankruptcy court[1] converting Debtor's chapter 13 case to chapter 7. We affirm.

BACKGROUND

Debtor filed a petition for relief under chapter 13 of the bankruptcy code. The United States Trustee filed a motion under 11 U.S.C. § 1307(c) to convert Debtor's case to chapter 7.[2] The United States Trustee's motion was verified.[3]

Debtor objected to the United States Trustee's motion. Debtor's objection was unverified and was not supported by an affidavit.[4]

The matter came before the bankruptcy court in due course. Following a hearing, at which no additional evidence was offered or received, the bankruptcy court ruled from the bench and memorialized its decision in an order granting the United States Trustee's motion and converting Debtor's chapter 13 case to chapter 7. Debtor timely appealed.

---

[1]The Honorable Kathleen H. Sanberg, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[2]Pursuant to § 1307(c), "on request of . . . the United States trustee and after notice and a hearing, the court may convert a case under [chapter 13] to a case under chapter 7 . . . for cause," including, but not limited to, eleven enumerated grounds.

[3]Pursuant to local rule, if facts are at issue, the party making a motion must serve and file an affidavit or verification of the motion. Loc.R.Bankr.P. (D. Minn.) 9013-2(a). A verification is an "affidavit or unsworn declaration, affixed to or endorsed on a document, which states in substance that the factual allegations made in the document are true and correct according to the best of the verifier's knowledge, information and belief." Loc.R.Bankr.P. (D. Minn.) 9001-1(13).

[4]Pursuant to local rule, if facts are at issue, a party opposing a motion must include an opposing affidavit in its response. Loc.R.Bankr.P. (D. Minn.) 9013-2(b).

## STANDARD OF REVIEW

We review the bankruptcy court's decision to convert a chapter 13 case to chapter 7 for cause within the meaning of § 1307(c) for an abuse of discretion. *See Paulson v. Wein* (*In re Paulson*), 477 B.R. 740, 744 (B.A.P. 8th Cir. 2012) (applying abuse of discretion standard to our review of a bankruptcy court's decision to *dismiss* a debtor's chapter 13 case for cause within the meaning of § 1307(c)).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

## DISCUSSION

On appeal, Debtor's principal argument is the bankruptcy court erred in "refusing" to hold an evidentiary hearing on the United States Trustee's motion.[5] In support of his argument, Debtor directs our attention to Fed.R.Bankr.P. 9014(d), which provides: "Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding."

---

[5]This is a gross mischaracterization of the record. As discussed below, the bankruptcy court did not *refuse* to hold an evidentiary hearing on the United States Trustee's motion.

Debtor did not raise this issue before the bankruptcy court, either in his objection to the United States Trustee's motion[6] or at the hearing on the United States Trustee's motion. "[I]ssues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." *Wendover Fin. Servs. v. Hervey* (*In re Hervey*), 252 B.R. 763, 767 (B.A.P. 8th Cir. 2000) (citing *Von Kerssenbrock Praschma v. Saunders*, 121 F.3d 373, 375-76 (8th Cir. 1997). An exception may be made in "*exceptional* cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir. 1983) (*per curiam*) (emphasis added).

We do not believe this to be such an exceptional case. Debtor did not request and was thus not denied an evidentiary hearing: He did not give the bankruptcy court any reason to even suspect he wanted an evidentiary hearing. He did not support his objection to the United States Trustee's motion with an affidavit, as he was required by local rule to do if he believed facts were at issue. He did not identify any proposed witnesses in his objection, as he was required by local rule to do if he anticipated offering oral testimony. He did not offer, or request an opportunity to offer, anything other than the argument of his attorney at the hearing on the United States Trustee's motion. And he remained silent when the bankruptcy court proceeded to issue its bench ruling. Under the circumstances, "[t]he only injustice that would occur here is if we were to consider [his] argument[ ]." *Hervey*, 252 B.R. at 768.

Moreover, Debtor's reliance on Rule 9014(d) is misplaced. Rule 9014(d) does not require an evidentiary hearing on every motion. Rather,

---

[6]Pursuant to local rule, "If a party . . . responding to a motion anticipates offering oral testimony, the . . . responsive documents shall state the name, address and substance of the testimony of the proposed witness." Loc.R.Bankr.P. (D. Minn.) 9013-2(c)(1). Debtor's objection to the United States Trustee's motion did not identify any proposed witnesses.

> [s]ubdivision (d) [was] added to clarify that *if [a] motion cannot be decided without resolving a disputed material issue of fact*, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding or at a trial in a district court civil case.

Fed.R.Bankr.P. 9014, advisory committee's note to 2002 amendment (emphasis added).

In this case, the bankruptcy court was not called upon, much less required, to resolve any disputed material issues of fact. Debtor's objection to the United States Trustee's motion purported to dispute some–but not all–of the facts proffered by the United States Trustee. However, as previously noted, Debtor's objection was not supported by an affidavit. This left the bankruptcy court with only those facts proffered by the United States Trustee: "[T]he [bankruptcy court] cannot take cognizance of fact assertions that are not under oath." *In re Johnson*, 207 B.R. 878, 879 n.1 (Bankr. D. Minn. 1997). And this left the bankruptcy court with no disputed material issues of fact to resolve. Rule 9014(d) is therefore inapposite.[7]

---

[7]The situation presented is analogous to that encountered by bankruptcy and other trial courts in considering motions for summary judgment. In that context, if the moving party meets its burden, the party opposing the motion must establish a genuine factual issue. *Residential Funding Co. v. Terrace Mortg. Co.*, 725 F.3d 910, 915 (8th Cir. 2013). The party opposing the motion may not rest on mere allegations or pleading denials, *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010), or "merely point to unsupported self-serving allegations." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoted in *Residential Funding*, 725 F.3d at 915). Instead, the party opposing the motion must substantiate its allegations with admissible, probative evidence that would permit a finding in its favor on more than speculation or conjecture. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quoted in *Spaulding v. Conopco, Inc.*, 740 F.3d 1187, 1190-91 (8th Cir. 2014)); *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997) (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d

Debtor's remaining argument focuses on his belief that his proposed "100% plan"[8] demonstrates his good faith. This argument is without merit, for at least two reasons.

First, while we agree a *confirmable* "100% plan" would be evidence of a debtor's good faith, we do not agree such evidence would necessarily "trump" other evidence of cause and leave the bankruptcy court with no choice but to deny a motion to convert a debtor's chapter 13 case to chapter 7. In any event, Debtor offered no evidence to demonstrate his plan was in fact confirmable. Debtor's attorney argued (and continues to argue) Debtor would prevail on his objections to three large unsecured claims and his proposed plan would then be confirmable. However, as discussed above, argument is not evidence. And we agree with the bankruptcy court: The evidence presented by the United States Trustee called into serious doubt Debtor's ability to confirm a plan.

Second, the bankruptcy court did not premise its decision to convert Debtor's chapter 13 case to chapter 7 solely on its concerns regarding Debtor's proposed plan.[9] The bankruptcy court found, *inter alia*, Debtor had been found by a federal district court judge in the Southern District of Illinois to have exhibited a serious and studied disregard for the orderly process of justice and a relentless willingness to lie to the court on paper and in person; he had been found by a state court judge in Minnesota to have intentionally given inconsistent testimony and to have failed to provide responsive information throughout the proceedings; he had filed his bankruptcy

_____

734, 737 (8th Cir. 1995)).

[8]By this, Debtor means if confirmed, his proposed plan would have paid allowed unsecured claims in full, with interest.

[9]The bankruptcy court's findings regarding Debtor's proposed plan were clearly cumulative: "The Court *also* finds that cause exists to convert the case . . . because the Debtor has failed to timely file a [confirmable] plan." (Emphasis added.)

petition in an attempt to avoid having to disclose financial information pursuant to the state court judge's order to show cause; he had failed to disclose assets on his bankruptcy schedules; he had failed to disclose numerous transfers totaling over $500,000.00 on his statement of financial affairs; he had failed to honestly disclose his household expenses on schedules I and J; he had failed to notify the chapter 13 trustee and the bankruptcy court he had moved to a rental property and failed to amend his schedules to reflect the resulting reduction in his monthly living expenses; he had failed to notify the chapter 13 trustee and the bankruptcy court he intended to sell his condominium; he had failed to disclose significant general unsecured claims; numerous courts had entered findings and conclusions that he had engaged in fraud and misrepresentations to the courts regarding his assets and his use of various entities to hide his assets and misrepresent his financial condition; and he was the subject of a disciplinary action that could result in the revocation of his license to practice law.[10]

While Debtor challenged certain of these findings in his reply brief, he did not do so in his opening brief. "[We] do[ ] not consider issues raised for the first time on appeal in a reply brief unless the appellant gives some reason for failing to raise and brief the issue in his opening brief." *Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) (internal quotation marks omitted). Debtor offers no reason why he failed to raise and brief any challenges to these findings in his opening brief. Consequently, he has waived the right to challenge them. *Id.*

Even if that were not so, however, the bankruptcy court's findings are not clearly erroneous: Its findings are amply supported by the facts set forth in the United States Trustee's verified motion. And, as discussed above, while Debtor disagrees with the bankruptcy court's findings, the record contains no evidence to the contrary.

---

[10]The current status of the disciplinary action is unknown.

Based on its findings, the bankruptcy court concluded there was sufficient cause to convert Debtor's chapter 13 case to chapter 7.  We agree.

> [A] Chapter 13 petition filed in bad faith may be dismissed or converted "for cause" under 11 U.S.C. § 1307(c).  Such cause includes filing a bankruptcy petition in bad faith. The bad faith determination focuses on the totality of the circumstances, specifically:  (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court;  or  (3)  whether  he  has  unfairly manipulated the bankruptcy code.

*Molitor v. Eidson* (*In re Molitor*), 76 F.3d 218, 220 (8th Cir. 1996) (internal citations omitted).  Each of these factors was present in this case.

## CONCLUSION

Finding no abuse of discretion in its decision, we affirm the bankruptcy court's December 3, 2015 order granting the United States Trustee's motion to convert Debtor's chapter 13 case to chapter 7.

---