# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6024

_____

In re: Theresa Marshall

*Debtor*

------------------------------

Theresa Marshall

*Debtor - Appellant*

v.

Mark T. McCarty

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2020
Filed: February 18, 2020

_____

Before SALADINO, Chief Judge, NAIL and DOW, Bankruptcy Judges.

_____

DOW, Bankruptcy Judge

In her Chapter 13 bankruptcy case, Theresa Marshall ("Debtor") filed an Objection to Trustee's Final Report ("Objection"). The Bankruptcy Court held a hearing at which it overruled Debtor's Objection because Debtor failed to appear. Debtor appeals. For the reasons that follow, we find we lack jurisdiction and dismiss the appeal without addressing the merits.

## BACKGROUND

Debtor filed a petition under Chapter 13 of the Bankruptcy Code on October 26, 2016. On December 6, 2017, the case was dismissed for Debtor's failure to make payments under an order of strict compliance. Debtor appealed the dismissal of her case which was dismissed for lack of jurisdiction.

The Chapter 13 Trustee, Mark T. McCarty (the "Trustee"), issued a Chapter 13 Standing Trustee's Final Report and Account ("Final Report") on July 26, 2018, which was withdrawn, and on March 27, 2019, he filed a subsequent Final Report. The Trustee's Final Report included summaries of Receipts, Expenses of Administration, Scheduled Creditors, Summary of Disbursements to Creditors and Total Disbursements. Debtor attempted to appeal the March 27 Final Report, but that appeal was dismissed because the Final Report was not an appealable order.

Debtor then filed her Objection to Trustee's Final Report with the bankruptcy court and a hearing date was set, and continued at Debtor's request, to July 23, 2019. Debtor failed to appear at that hearing and the bankruptcy court overruled Debtor's Objection. The Order overruling Debtor's Objection to the Trustee's Final Report was entered on July 24, 2019, and Debtor filed this appeal on July 30, 2019.

## DISCUSSION

Debtor's Notice of Appeal filed in this matter states that she is appealing the Final Report filed on March 27, 2019; the Final Report filed on July 26, 2018; and the July 24, 2019 Order overruling her objection to the Trustee's Final Report. The July 26, 2018 Final Report was withdrawn and is therefore moot. The March 27, 2019 Final Report is not a final order and thus, this Court has no jurisdiction over such an appeal. The Court has already ruled to that effect in its dismissal order entered on April 8, 2019, and for those same reasons, the appeal of the March

27, 2019 Final Report will once again be dismissed. That leaves Debtor's appeal of the bankruptcy court's Order entered on July 24, 2019, that overruled her objection to the Trustee's Final Report based on her failure to appear.

In Debtor's Brief filed in this appeal, she lists 14 "issues" that she purports to appeal on page six. Issues 1-3[1] and 6 are merely factual recitations of events. Issues 5, 7 and 9-13 were never raised below and accordingly, this Court will not entertain them. "[I]ssues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." *In re Hansmeier*, 558 B.R. 299, 301 (B.A.P. 8th Cir. 2016) (citing *Wendover Fin. Servs. v. Hervey* (*In re Hervey*), 252 B.R. 763, 767 (8th Cir. BAP 2000)). An exception may be made in "*exceptional* cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir.1983) (*per curiam*) (emphasis added). We do not believe this to be such an exceptional case. Debtor also lists 8 "Issues Appealing" on page 11 of her Brief, all of which were likewise never raised below and will not be entertained in this appeal.

The remaining issues for the Court to review are Debtor's allegations that Arvest Bank made no appearance in the case for unsecured debt and should not be included in the Final Report; that the information in the Final Report for Wells Fargo Bank NA was incorrect and that the Trustee did not have a balance due section for any of the scheduled creditors. As to the first two, Debtor has not provided any indication as to how such information contained in the Report was incorrect nor why it is relevant. As to the issue regarding the absence of a section in the Final Report, Debtor has not explained why such a section was necessary or of what consequence was its absence.

This Court has an independent duty to examine our jurisdiction. *Belew v. Rucker (In re Belew)*, 608 B.R. 206, 208 (8th Cir. B.A.P. 2019). If the appellant does not have standing, we do not have jurisdiction. *Id.*

> To have standing to appeal an order, an appellant must demonstrate he or she is a person aggrieved by the order. Under the "person aggrieved" doctrine, only appellants

---

[1] There are duplicate number threes. The Court is referring to the first number 3.

who are directly and adversely affected pecuniarily by an order have standing to appeal that order. Put another way, only appellants who have a financial stake in an order have standing to appeal that order.

*Id.*

"'Person aggrieved' is, of course, a term of art: almost by definition, all appellants may claim in some way to be 'aggrieved,' else they would not bother to prosecute their appeals." *Travelers Ins. Co. v. H.K. Porter Co.,* 45 F.3d 737, 741 (3d Cir.1995). "The doctrine limits standing to persons with a financial stake in the bankruptcy court's order, meaning they were directly and adversely affected pecuniarily by the order." *In re Peoples,* 764 F.3d 817, 820 (8th Cir. 2014). An appellant is a party aggrieved "if the bankruptcy court order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *Opportunity Fin., LLC v. Kelley*, 822 F.3d 451, 458 (8th Cir. 2016) (citing *In re Marlar,* 267 F.3d 749, 753 n. 1 (8th Cir. 2001)).

In this case, Debtor questioned the accuracy of some of the information in Trustee's Final Report such as creditor information and the omission of certain balances due. However, Debtor did not challenge in her Objection, nor on appeal, the amount the Trustee reported had been returned to her following dismissal of her case. Debtor has failed to demonstrate how the bankruptcy court's Order overruling her Objection may have diminished her property, increased her burdens or impaired her rights as to make her an aggrieved party with standing. Nor has she demonstrated that the bankruptcy court's Order directly and adversely affected her pecuniarily.

## CONCLUSION

Debtor has not shown she is a person aggrieved by the bankruptcy court's Order overruling her objection to the Trustee's Final Report and thus, does not have standing to appeal the bankruptcy court's Order. Consequently, we lack jurisdiction and the appeal is DISMISSED.

———————————————