# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6042

_____

In re: Theresa Marshall

*Debtor*

------------------------------

Theresa Marshall

*Debtor - Appellant*

v.

Mark T. McCarty

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 13, 2020
Filed: April 16, 2020

_____

Before SALADINO, Chief Judge, NAIL and DOW, Bankruptcy Judges.

_____

Dow, Bankruptcy Judge

In her Chapter 13 bankruptcy case, Theresa Marshall ("Debtor") filed an Objection to Trustee's Final Report ("Objection"). The Bankruptcy Court held a hearing on December 4, 2019, at which it overruled Debtor's Objection because Debtor failed to appear. Debtor appeals. For the reasons that follow, we find we lack jurisdiction and dismiss the appeal without addressing the merits.

## BACKGROUND

Debtor filed a petition under Chapter 13 of the Bankruptcy Code on May 3, 2018. On September 4, 2019, the case was dismissed.

The Chapter 13 Trustee, Mark T. McCarty (the "Trustee"), issued a Chapter 13 Standing Trustee's Final Report and Account ("Final Report") on October 28, 2019. The Trustee's Final Report included summaries of Receipts, Expenses of Administration, Scheduled Creditors, Summary of Disbursements to Creditors and Total Disbursements.

Debtor filed her Objection to Trustee's Final Report with the bankruptcy court and a hearing date was set for December 4, 2019. Debtor failed to appear at that hearing and the bankruptcy court overruled Debtor's Objection for failure to prosecute. The Order overruling Debtor's Objection to the Trustee's Final Report was entered on December 4, 2019, and Debtor filed this appeal on December 9, 2019.

## DISCUSSION

Debtor's Notice of Appeal filed in this matter states that she is appealing the Final Report filed on October 28, 2019 and the December 4, 2019 Order overruling her objection to the Trustee's Final Report. The October 28, 2019 Final Report is not a final order and thus, this Court has no jurisdiction over such an appeal. The Court has already ruled to that effect in its dismissal order entered on April 8, 2019 in Debtor's appeal in Case No. 19-6024, and for those same reasons, the appeal of the October 28, 2019 Final Report will be dismissed. Debtor's appeal of the bankruptcy court's Order entered on December 4, 2019, that overruled her objection to the Trustee's Final Report based on her failure to appear, remains for this Court's review.

In Debtor's Brief filed in this appeal, she raises issues of whether she violated the terms of a strict compliance order and should have been dismissed from a 2016 bankruptcy case and whether she failed to complete credit counseling and should have been dismissed from this 2018 bankruptcy case. However, Debtor did not raise these issues in her objection on appeal at the bankruptcy court level, nor did she raise them in her Notice of Appeal. "[I]ssues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." *In re Hansmeier*, 558 B.R. 299, 301 (B.A.P. 8th Cir. 2016) (citing *Wendover Fin. Servs. v. Hervey* (*In re Hervey*), 252 B.R. 763, 767 (8th Cir. BAP 2000)). An exception may be made in "*exceptional* cases where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice." *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir.1983) (*per curiam*) (emphasis added). We do not believe this to be such an exceptional case.

Debtor also raises allegations regarding the Trustee's Report that the exempted value of property was listed as $18,225; that creditor ECMC's claim was not heard nor litigated in the 2018 case; that ECMC's claim should be barred by res judicata; that certain amounts were listed for ECMC in the Final Report; that ECMC was not a creditor and that any transfer of Debtor's student loans was illegal. As to the exempt value and the amounts listed for ECMC in the Final Report, Debtor has not provided any indication as to how such information contained in the Report was incorrect nor why it is relevant. As to the issue regarding ECMC's claim not being heard or litigated or barred by res judicata, Debtor has not explained why such a hearing was necessary. Debtor also provides no information or detail as to her allegation that a transfer of her student loans was illegal

This Court has an independent duty to examine our jurisdiction. *Belew v. Rucker (In re Belew)*, 608 B.R. 206, 208 (8th Cir. B.A.P. 2019). If the appellant does not have standing, we do not have jurisdiction. *Id.*

> To have standing to appeal an order, an appellant must demonstrate he or she is a person aggrieved by the order. Under the "person aggrieved" doctrine, only appellants who are directly and adversely affected pecuniarily by an order have standing to appeal that order. Put another way, only appellants who have a financial stake in an order have standing to appeal that order.

*Id.*

"'Person aggrieved' is, of course, a term of art: almost by definition, all appellants may claim in some way to be 'aggrieved,' else they would not bother to prosecute their appeals." *Travelers Ins. Co. v. H.K. Porter Co.,* 45 F.3d 737, 741 (3d Cir.1995). "The doctrine limits standing to persons with a financial stake in the bankruptcy court's order, meaning they were directly and adversely affected pecuniarily by the order." *In re Peoples,* 764 F.3d 817, 820 (8th Cir. 2014). An appellant is a party aggrieved "if the bankruptcy court order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *Opportunity Fin., LLC v. Kelley*, 822 F.3d 451, 458 (8th Cir. 2016) (citing *In re Marlar,* 267 F.3d 749, 753 n. 1 (8th Cir. 2001)).

In this case, Debtor questioned the accuracy of some of the information in Trustee's Final Report such as creditor information and the amounts listed as exempt property and for ECMC. However, Debtor did not challenge in her Objection, nor on appeal, the amount the Trustee reported had been returned to her following dismissal of her case. Debtor has failed to demonstrate how the bankruptcy court's Order overruling her Objection may have diminished her property, increased her burdens or impaired her rights as to make her an aggrieved party with standing. Nor has she demonstrated that the bankruptcy court's Order directly and adversely affected her pecuniarily.

## CONCLUSION

Debtor has not shown she is a person aggrieved by the bankruptcy court's Order overruling her objection to the Trustee's Final Report and thus, does not have standing to appeal the bankruptcy court's Order. Consequently, we lack jurisdiction and the appeal is DISMISSED.

_____